196 So.2d 505 (1967)
Arla Jean PARMERTER and Richard Parmerter, Her Husband, Appellants,
v.
OSTEOPATHIC GENERAL HOSPITAL, a Florida Corporation, Appellee.
No. 66-356.
District Court of Appeal of Florida. Third District.
March 14, 1967.
Rehearing Denied April 4, 1967.
Fuller & Brumer, Kenneth L. Ryskamp, Miami, for appellants.
Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell and James A. Dixon, Jr., Miami, for appellee.
Before HENDRY, C.J., and PEARSON and SWANN, JJ.
HENDRY, Chief Judge.
This is an appeal from a summary final judgment in favor of the defendant, Osteopathic General Hospital, hereinafter referred to as the hospital.
The complaint was filed in which it was alleged that Arla Jean Parmerter was admitted to the hospital for care and treatment of pregnancy and that the hospital, by and through its servants, agents and/or employees, carelessly and negligently treated and cared or failed to treat and care *506 for the patient causing permanent and serious personal injury.
The defendant denied any negligence and moved for summary judgment relying upon the affidavit of David Collins, administrator of the hospital. In the afidavit, Mr. Collins admits that Arla Jean Parmerter was a patient in the hospital but contends that she was under the care of a private physician, Dr. Joseph Bess, who was not an employee or agent of the hospital, and that Dr. Bess provided the necessary medical attention for the patient and directed the care that the hospital was required to provide. Further, that the hospital worked directly under Dr. Bess' orders in providing care, as distinguished from medical treatment; that all the medical treatment was rendered by Dr. Bess.
In its answer to an interrogatory concerning persons known to have any knowledge concerning the actions which are the subject of the instant suit, the hospital listed among others, Dr. Saul Cantor, internemployee.
Subsequently, the plaintiffs filed the affidavit of Robert Willner, M.D. stating that he had reviewed all the hospital records in this case and concluded:
"That Dr. Saul Cantor was negligent in providing obstetrical or gynecological treatment and/or care because of any and/or all of the following medical acts of commission and/or omission:
"a. Failed to advise as to the necessity of a consulting specialist for consultation after a diagnosis of premature placental separation.
"b. Permitted prolonged and/or protracted labor.
"c. Failed to make preliminary tests or advise the taking thereof.
"d. Failed to advise as to the necessity of obstetrical or gynecological specialist for the purpose of delivery."
Dr. Willner further stated that Dr. Cantor's conduct fell below the ordinary and customary standard of care and treatment rendered by osteopathic physicians in this community and that as a result thereof Arla Jean Parmerter was injured in and about her body and nervous system; that among those injuries were pain over a prolonged and protracted period of labor and lacerations of parts of her female organs.
The real issue on appeal is whether it can be determined from this state of the record that Dr. Cantor was not an agent of the hospital at the time of the alleged negligent acts.
The hospital contends that neither Dr. Cantor nor any of its employees had any duty to perform any of the acts set forth in Dr. Willner's affidavit, but that these acts are properly and solely made by the treating physician  in this case Dr. Bess. However, the duties of an intern vis-a-vis a treating physician can not be determined from the affidavit submitted by the hospital. What is averred in its affidavit is that all the treatment and care for the patient was performed by or at the direction of Dr. Bess.
Presuming the correctness of Dr. Willner's charges for purposes of testing summary judgment, can the hospital be liable for Dr. Cantor's negligence? Interns need not be licensed to practice in a hospital in this state.[1] They are employed by hospitals to perform duties while they are gaining additional medical education and experience required as a prerequisite for licensure. Their duties are performed under the supervision of the hospital's staff physician.[2]
*507 Generally, the hospital is liable for the negligence of an intern under the doctrine of respondeat superior.[3] For the doctrine to apply, the negligent conduct must have been in the performance of their ordinary duties.[4] The duties of an intern include assisting physicians in treating their patients.[5]
There are times when hospital employees may be temporarily under the exclusive control of the treating physician. At such times the hospital will not be liable for their employee's negligence.[6]
"The important question is not whether or not he remains the servant of the general employer as to matters generally, but whether or not, as to the act in question, he is acting in the business of and under the direction of one or the other."[7]
In their complaint, the plaintiffs allege that agents of the hospital negligently treated and cared for Arla Jean Parmerter. The affidavit submitted by the hospital avers that the treatment and care of the patient was directed by her private physician and that its employees worked directly under his orders.
The hospital has not met its burden of showing that at the time of the alleged negligent acts Dr. Cantor was not, as a matter of law, its agent.[8] While we have previously noted that there are times when an employee of a hospital may be under the direction and control of a treating physician, the question of when his responsibility begins and the hospital's ends is usually a question for the jury.
There exists genuine triable issues concerning the relationship between the hospital and Dr. Cantor at the time of the alleged negligent acts and whether Dr. Cantor breached a duty which he owed to the patient.
Therefore, the judgment appealed is reversed and the cause remanded for further proceedings.
Reversed and remanded.
NOTES
[1] § 458.13 Fla. Stat., F.S.A.
[2] 1 Hospital Law Manual, Health Law Center, U. of Pitt. Negligence § 2-3 (Administrator's Volume 1962).
[3] City of Miami v. Oates, 152 Fla. 21, 10 So.2d 721, 724 (1942); Restatement (Second), Agency § 223a (1958).
[4] Restatement (Second) supra note 3.
[5] 1 Hospital Law Manual, supra note 2.
[6] Roth v. Dade County, Fla. 1954, 71 So.2d 169.
[7] Restatement (Second) supra note 3 at § 227a. See Annotations 69 A.L.R.2d 305.
[8] Holl v. Talcott, Fla. 1966, 191 So.2d 40.