CHARLES CARROLL, Chief Judge.
The appellant Aria Jean Parmerter filed an action for damages for personal injuries against Doctors Joseph Bess, Saul Cantor and Albert Feldman, charging them with negligence in diagnosis and treatment accorded to her incident to the birth of her child, and alleging injuries proximately resulting therefrom, and against Osteopathic General Hospital as the employer of Dr. Cantor, an intern. The appellant’s husband, Richard Parmerter, joined in that action, seeking derivative damages. A separate action was filed against said defendants by the infant through his father as his guardian,- charging negligence causing permanent injuries to the infant.
Initially, a summary judgment was granted in favor of the defendant Osteopathic General Hospital. The basis for the charge of liability against the hospital was the claimed negligence of its employee, an intern, the defendant Dr. Saul Cantor. On an appeal by the plaintiffs from that order, this court reversed the summary judgment holding that there was a triable issue as to whether the intern was the borrowed servant of the plaintiff’s doctor, or was to be regarded as an employee of the hospital, as to his alleged negligent acts. See Parmerter v. Osteopathic General Hospital, Fla.App.1967, 196 So.2d 505. This court’s opinion on that appeal was filed on March 14, 1967.
While that earlier appeal in this case was pending, the trial court considered motions of the several defendants for summary judgment in the two actions, which were consolidated. The defendants supported their motions with an affidavit of the defendant Dr. Joseph Bess. In opposition thereto the plaintiffs submitted and relied on an affidavit of the plaintiff Aria Jean Parmerter and an affidavit and deposition of a Dade County medical doctor, Dr. Robert E. Willner. The trial court granted summary judgment in favor of the several defendants, and the plaintiffs in each case appealed.[1]
In the summary judgment the trial court held that the moving parties had successfully met their burden to prove the nonexistence of a genuine triable issue, and “that the parties opposing the Motions have failed to show by relevant and competent evidence by way of affidavits or other matters properly before the Court, that there does in fact exist a conflict on a genuine and material issue.” The last quoted finding necessarily was based on a conclusion of the trial court that the affidavit of Dr. Willner, relied on by the plaintiffs, did not present relevant and competent evidence supporting the allegations of negligence. We find error, and reverse on the authority of Holl v. Talcott, Fla.1966, 191 So.2d 40, and Visingardi v. Tirone, Fla.1966, 193 So.2d 601.
The single summary judgment which was entered in this cause as to all the defendants in the consolidated cases, was dated August 29, 1966. In deference to the trial court we point out that on that date the Supreme Court’s opinion in Holl v. Talcott, supra, was still under consideration on a petition for rehearing. Thereafter the *23 petition for rehearing was denied with a further opinion in the Holl case on October 19, 1966. The Visingardi case was decided later, on November 23, 1966.
The affidavit of Dr. Willner charged certain acts and omissions as to each of the defendant doctors, including the intern, as constituting negligence. Assuming the correctness of the finding of the trial court that the defendants, through the affidavit of Dr. Bess, had met their burden so as to require the plaintiffs to present evidence of negligence in order to establish the presence of genuine triable issues (Holl v. Talcott, supra), the affidavits of the plaintiff Aria Jean Parmerter and Dr. Willner were adequate to raise triable issues as to negligence of the several defendants in opposition to the motion for summary judgment in this type case, as determined in Holl v. Talcott, supra; and on the authority of that decision the affidavit of Dr. Willner was competent and relevant.
Accordingly, the summary judgment entered in the above styled consolidated causes is reversed.
Reversed.

. Pending this appeal a settlement was made between the plaintiffs and the executrix of Dr. Feldman who had died, and on a joint motion Feldman was dismissed as an appellee.