MORSE, APPELLANT, *v.* RIVERSIDE HOSPITAL ET AL., APPELLEES.

[Cite as Morse v. Riverside Hospital (1974),
44 Ohio App. 2d 422.]

(No. 7650—Decided December 13, 1974.)

*Messrs. Shumaker, Loop & Kendrick* and *Mr. Rolf H. Scheidel,* for appellee St. Charles Hospital.

*Mr. Harold C. Moan,* for appellee Scientific Blood Bank, Incorporated.

*Messrs. Lubitsky & Lubitsky* and *Mr. Richard Neller,* for appellant.

Brown, J. This appeal is from a summary judgment rendered by the Court of Common Pleas of Lucas County in favor of defendants St. Charles Hospital and Scientific Blood Bank, Inc., the appellees herein, and against the plaintiff Brenda Morse, on all five counts of her Complaint. This action for damages arises from her development of hepatitis as a result of a blood transfusion administered at Riverside Hospital in Toledo, with two units of blood furnished by St. Charles Hospital, and Scientific Blood Bank, Inc.

For brevity, St. Charles Hospital will be referred to as St. Charles, and the Scientific Blood Bank, Inc., will be referred to as Blood Bank. This action remains pending in the Court of Common Pleas against Riverside Hospital, on the first two counts of the Complaint that it was negligent in the blood transfusion process. The three last counts of the Complaint, which are based upon a breach of warranty and strict liability in tort, were dismissed as to Riverside. No issue on appeal concerns the judgment in favor of Riverside on the last counts of the Complaint.

The blood plasma contained a hepatitis associated antigen or virus, commonly designated as HAA, which directly caused the hepatitis that afflicted plaintiff. One unit of blood plasma was purchased directly by Riverside from Blood Bank and the second unit was obtained from St. Charles. St. Charles had obtained this plasma from Blood Bank.

Plaintiff contends that it was error for the trial court to grant a summary judgment for St. Charles and Blood Bank on the negligence counts for the reasons that the negligence counts are properly based upon the doctrine of *res ipsa loquitur,* and this alone should support a good claim for relief based upon negligence.

The *res ipsa loquitur* contention is untenable and must be rejected. No presumption that the hospital was negligent can be drawn solely from the fact that the patient contracted hepatitis following a blood transfusion, and thus the patient cannot recover damages on such a theory. *Schmaltz* v. *St. Luke's Hospital* (1974), 33 Colo. App. 351, 521 P. 2d 787; *Sanchez* v. *Rodriguez* (1964), 226 Cal. App. 2d 439, 38 Cal. Rpt. 110; *Joseph* v. *W. H. Groves Latter-Day Saints Hospital* (1960), 10 Utah 2d 94, 348 P. 2d 935; *Toy* v. *Rickert* (1958), 53 N. J. Super. 27, 146 A. 2d 510, headnote 6; *Buchanan* v. *Downing* (1964,) 74 N. M. 423, 394 P. 2d 269; *Mayor* v. *Dowsett* (1965), 240 Or. 196, 400 P. 2d 234, headnote five; annotation, 45 A. L. R. 3d 1364, 1381, et seq; Boland, Strict Liability in Tort for Transfusing Contaminated Blood, 23 Ark. L. Rev. 236 (1969) ; 2 Speiser, the Negligence Case—Res Ipsa Loquitur.

There is a second reason for not applying the doctrine to the conduct of St. Charles and Blood Bank in this case. Neither of these defendants had possession or control of the blood at the time of its administration to plaintiff and her resultant infection with hepatitis. The doctrine of *res ipsa loquitur* does not apply where the defendants did not have exclusive possession and control of the offending instrumentality (in this case, blood), or if the defendants did not have possession or control at the time of the injury. There is no allegation in the Complaint, nor evidence offered in opposition to a motion for summary judgment, showing that the instrumentality could not have been mishandled or tampered with between the time it left the possession and control of defendants and the time of the blood transfusion. *Huggins* v. *Morrell & Co.* (1964), 176 Ohio St. 171, paragraph two of the syllabus, *Sherman* v. *Hartman* (1955), 137 Cal. App. 2d 589, 290 P. 2d 894; annotation 45 A. L. R. 3d *supra* at 1379.

Plaintiff next contends that the two negligence counts of the Complaint against both defendants state a valid claim for relief based upon negligence by reason of a violation of the Ohio Pure Food and Drug Law, R. C. Chapter 3715. This contention, likewise, is untenable for the following reasons.

"Food" is defined in R. C. 3715.01(A) (5) (a) as "Articles used for food or drink for man or other animals." This refers solely to articles ingested into the body and does not include blood injected by way of transfusion. A blood transfusion is the replacement of a bodily component by its introduction directly into the patient's circulatory system.

"Drug" is defined in R. C. 3715.01(A) (6) (a) and such definition does not include blood, blood products, or blood plasma to be used in a blood transfusion procedure. R. C. 2108.11 designates "whole blood, plasma, blood products," *inter alia*, as human tissue and not a drug.

Even if blood is deemed to be "food" or a "drug" within the meaning of R. C. Sections 3715.01(A) (5) (a) or 3715.01 (A) (6) (a), provisions of the Ohio Pure Food and Drug Law, by virtue of R. C. 3715.01(B) (2), do not apply to the administration of a drug or device by a licensed member of the medical profession. Federal law requires that human blood be dispensed and administered only upon the prescription of a licensed physician. 21 U. S. C. 353; *cf. Merck & Co.* v. *Kidd* (C. A. 6, 1957), 242 F. 2d 592. However, the courts have recognized the appropriateness of negligence as a theory upon which to base an action to recover damages for injuries resulting from a blood transfusion. The courts usually apply a general rule that the defendant will be answerable for an injury to a patient resulting from a want of the requisite knowledge and skill; an omission to use reasonable care and diligence; or a failure to exercise the best judgment under the existing circumstances. *Redding* v. *United States* (W. D. Ark. 1961), 196 F. Supp. 871; *Hoder* v. *Sayet* (Fla. App. 1967), 196 So. 2d 505; *Joseph* v. *W. H. Groves Latter-day Saints Hospital, supra*; annotation, 45 A. L. R. 3d, *supra* at 1378.

A blood bank can be negligent in a number of ways. Perhaps the clearest case is where an interviewer fails to ask a potential donor whether he has ever had a series of diseases, with particular emphasis on hepatitis. Franklin, Tort Liability for Hepatitis: An Analysis and a Proposal, 24 Stanford L. Rev. 439, 479 (1972); *Brody* v. *Overlook Hospital* (1972), 121 N. J. Super. 299, 296 A. 2d

426

668. In *Hoder* v. *Sayet, supra,* the court permitted the issue of the blood bank's negligence to be submitted to the jury where one of two donors testified he had not been asked any questions regarding hepatitis, even though he stated that had the question been asked, he would have answered in the negative.

A second basis for liability on the part of the Blood Bank might be the failure to perform the HAA test or other tests recognized by experts in the field of blood transfusions, provided experts qualified in this field testify that the failure to perform such test is a departure from the standards of reasonable care in the community. Another basis for liability on the principle of negligence with reference to the blood bank might be the reuse of a donor whose blood has previously been used in a multiple unit transfusion that resulted in hepatitis. 24 Stanford Law Review, *supra* at 448.

As to the defendant Blood Bank, the allegations of negligence in the plaintiff's Complaint and other matter in the record properly considered on the motion for summary judgment, under Civ. R. 56, were such that material issues of fact existed concerning Blood Bank's negligence in view of the fact that Blood Bank obtained the blood from donors, tested it, and put it in containers. The granting of a summary judgment in favor of Blood Bank on the two negligence counts consequently was error.

However, St. Charles only delivered the blood to Riverside Hospital and it was delivered by St. Charles in the same package in which it was received by St. Charles from Blood Bank, and there is no evidence of tampering. Therefore, there could be no issue of material fact concerning the negligence of St. Charles.

The contention of plaintiff that damages can be recovered on the basis of a breach of warranty is untenable. Such recovery is precluded by R. C. 2108.11, which provides:

"The procuring, furnishing, donating, processing, distributing, or using human whole blood, plasma, blood products, blood derivatives, and products, corneas, bones, or-

gans, or other human tissue except hair, for the purpose of injecting, transfusing, or transplanting any of them in the human body, is declared for all purposes to be the rendition of a service by every person, firm, or corporation participating therein, whether or not any remuneration is paid therefor, is declared not to be a sale of any such items, and no warranties of any kind or description are applicable thereto.''

The constitutionality of a statute similar to R. C. 2108.11 has been upheld in Tennessee. See *McDaniel* v. *Baptist Memorial Hospital* (C. A. 6, 1972), 469 F. 2d 230.

The contention of plaintiff that recovery can be predicated upon the theory of strict liability in tort is likewise untenable, as to both defendants, St. Charles and Blood Bank. The concept of strict liability in tort involves a sale by a party customarily engaged in selling that product. *Lonzrick* v. *Republic Steel Corp.* (1966), 6 Ohio St. 2d 227, at 229-230; Restatement of Torts 2d, Section 402 (A). By virtue of R. C. 2108.11, the procuring, furnishing or distribution of human whole blood or blood products is declared for all purposes to be a rendition of a service by every person and is declared not to be a sale as a matter of law. *McDaniel* v. *Baptist Memorial Hospital, supra* at 234; *Shepard* v. *Alexian Bros. Hospital, Inc.* (1973), 33 Cal. App. 3d 606, 109 Cal. Rptr. 132.

Accordingly, the summary judgment on all five counts of the Complaint in favor of Blood Bank is affirmed as to counts 3, 4, and 5 (grounded upon a breach of warranty and strict liability in tort), but is reversed as to counts 1 and 2, which are based upon negligence. The summary judgment in favor of defendant St. Charles on all five counts of the Complaint is affirmed.

*Judgment affirmed in part, and reversed in part.*

POTTER, P. J., and WILEY, J., concur.