**Patricia HARDWICK, Robert John Hansen, et al., Respondents,**

v.

**Peter A. HANSEN, Respondent,**

**Martin E. Hansen, Appellant.**

**No. C6–85–54.**

Court of Appeals of Minnesota.

Sept. 17, 1985.

Mark C. McCullough, Minneapolis, for Patricia Hardwick.

Steve Gawron, Morris, for Robert John Hansen, et al.

Timothy K. Dillon, Cannon Falls, for Peter A. Hansen.

Michael S. Mellum, Rochester, for Martin E. Hansen.

Heard, considered and decided by CRIPPEN, P.J., and SEDGWICK and NIERENGARTEN, JJ.

## OPINION

SEDGWICK, Judge.

Martin E. Hansen appeals from an order denying his motion for a new trial and from the judgment entered on December 12, 1984. We affirm.

## FACTS

This case involves four separate lawsuits. To attempt to clarify we refer to them by number.

A. Martin Hansen died in Rochester, Minnesota on May 20, 1979. Shortly before his death, he executed a will, leaving "Hansen's Harbor" (real estate, personal property, and a business) to his two sons, appellant Martin E. Hansen and respondent Peter Hansen. He left items of only slight value to Patricia Hardwick, his daughter, and to his grandchildren Robert John Hansen and Susan Marie Hansen.

Suit 1. Probate. In March 1980, Martin and Peter petitioned the probate court for admission of the will and that they be

appointed co-personal representatives under the will. In April 1980, respondents (Patricia Hardwick, Robert John and Susan Marie Hansen) objected to the admission of that will. Trial was scheduled for March 25, 1981.

In December 1980, Peter filed a claim against the estate, alleging sole ownership of Hansen's Harbor. This claim was rejected. Shortly thereafter, the probate court appointed Martin as the sole personal representative of the estate.

Suit 2. Ownership suit. In a district court action, in January 1981 Peter sued Martin individually and as personal representative of A. Martin Hansen's estate, alleging Peter was the owner of Hansen's Harbor by virtue of an oral agreement between himself and his father.

Meanwhile, in suit 1, Peter and Martin settled with the will contestants on the day scheduled for trial of that issue, March 25, 1981. Their attorneys read the stipulation into the record, and it was approved by the probate court.

Under the terms of the stipulation, Peter and Martin agreed to pay Patricia Hardwick $20,000 by a promissory note payable monthly, beginning May 1, 1981, over a 10-year term with interest of 12 percent per year. Peter and Martin also agreed to pay Robert John Hansen and Susan Marie Hansen a total of $20,000 under the same terms used for their agreement with Patricia Hardwick. The oral stipulation expressly provided that all the terms of the will were to be followed, that the will would be admitted to probate and that the estate would be administered according to its terms. Peter agreed to the terms of this stipulation.

Suit 3. Will contestants' suit. In April 1981, when presented with the notes, both Peter and Martin refused to sign them. In May 1981 the will contestants sued the brothers for enforcement of the stipulated settlement.

Then, in June 1981, the trial court granted summary judgment, dismissing the suit (suit 2) filed by Peter and his wife against Martin. The suit was dismissed because Peter failed to timely bring his claim as mandated by Minn.Stat. § 524.3–803 (1980). No appeal was taken from that judgment.

Suit 4. Ejectment suit. In October 1981, Martin Hansen, as special administrator of the estate, brought an action against Peter and his wife to eject them from the Harbor property and for an accounting of the Harbor business. The trial court ruled that Peter owned Hansen's Harbor. That decision was summarily affirmed by order of the Minnesota Supreme Court in October 1983.

In May 1984 Martin successfully moved, in suit 3, to amend his answer to enforce the stipulated settlement. He added a cross claim that Peter hold him harmless for any sum due the will contestants under the stipulation. Peter filed a similar cross claim against Martin.

In October 1984, the trial court found that both brothers must pay their share of the $40,000 under the stipulated agreement and entered judgment. Martin moved for amended findings or a new trial. He now appeals both the judgment and the denial of his motion for new trial.

## ISSUES

1. Did the trial court err in ruling that the stipulation must be upheld?

2. Is Peter Hansen estopped from asserting the stipulation against Martin's claim for reimbursement?

## ANALYSIS

■■■ 1. Generally, scope of review is limited to determining whether the trial court's findings are clearly erroneous and whether it erred in its legal conclusions. *Bohm v. Independent School Dist. No. 283*, 358 N.W.2d 146, 148 (Minn.Ct.App. 1984).

The trial court's decision to uphold the stipulated settlement was supported by the evidence and is affirmed.

2. The trial court did not address Martin's cross claim that Peter hold him harmless for any monies owed the will contestants, including attorney fees and costs.

In his cross claim, Martin alleged that Peter acted in bad faith by entering into the settlement agreement, since he knew that the settlement was based on the premise that their father owned Hansen's Harbor.

After the settlement was signed, Peter refused to pay the will contestants until the court decided whether he had owned the land before his father's death.

■ Martin correctly argues that Peter entered into the settlement in bad faith. Martin relied to his detriment on Peter's assertion during the settlement negotiations that the will was valid. Peter therefore is estopped from asserting the settlement agreement against Martin's cross claim for reimbursement for any monies paid by Martin under the terms of the settlement.

■ Equitable estoppel is designed to prevent a party from taking unconscionable advantage of his own actions. To invoke this doctrine plaintiff must show that defendant made representations upon which plaintiff reasonably relied that will cause plaintiff harm if estoppel is not applied. *Bethesda Lutheran Church v. Twin City Construction Co.*, 356 N.W.2d 344, 349 (Minn.Ct.App.1984) *pet. for rev. denied* (Minn. Feb. 6, 1985).

Because Peter asserted the validity of the will prior to signing the stipulation, and Martin relied to his detriment on that representation, Peter is estopped from asserting the stipulation against Martin's claim for reimbursement for any monies owed the contestants.

### DECISION

We affirm, as modified by the ruling that Peter is required to reimburse Martin for any liability and costs owed the will contestants.