**Richard F. SPEARMAN, Respondent,**

v.

**Audrey Lorraine SALMINEN, Respondent,**

**Michael A. Salminen, Appellant,**

and

**Audrey Lorraine SALMINEN, Third Party Plaintiff, Respondent,**

v.

**Michael A. SALMINEN, Third Party Defendant, Appellant.**

No. C6-85-1348.

Court of Appeals of Minnesota.

Jan. 7, 1986.

Richard E. Prebich, Abate, Wivoda, Clark & Prebich, Hibbing, for Richard F. Spearman.

Jack Fena, Hibbing, for Audrey Lorraine Salminen.

Considered and decided by POPOVICH, C.J., and LANSING and CRIPPEN, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Michael Salminen appeals from a declaratory judgment which determined respondent Audrey Salminen's rights under a previous decree of marriage dissolution. Michael claims the dissolution decree made Audrey liable for debts owed by a partnership formed by Michael and respondent Richard Spearman. We disagree and affirm.

## FACTS

The present controversy concerns a partnership known as SPAL Enterprises, formed by Richard Spearman and Michael Salminen in January 1981. SPAL was formed primarily for the purpose of acquiring, operating, and disposing of the old Hibbing General Hospital. SPAL paid $140,000 for the hospital property, and invested approximately $88,000 from mortgage proceeds to refurbish it.

After SPAL was established, Michael Salminen was named respondent in a marriage dissolution action brought by his wife, Audrey Salminen, who was not a named partner under SPAL's partnership agreement. The 1983 judgment and decree of dissolution stated in relevant part:

> 8. That Petitioner and Respondent are each awarded a one-half (½) interest in and to the marital asset consisting of a partnership share (½) in SPAL Enterprises, a general partnership.

In a memorandum, the judicial officer said it could not determine whether the hospital was an asset or a liability, and therefore the property should be "allocated 50% to each party."

> It is the Court's intention in making this award that the ultimate gain or loss resulting from this marital acquisition be shared equally by the parties.
>
> \* \* \* \* \* \*
>
> If the hospital property turns out to be a liability, neither Petitioner or Respondent will be placed in a position of undue hardship. If it proves to be an asset, both parties will, of course, benefit.

No appeal was taken from the dissolution judgment.

Negotiations concerning the SPAL property began, but a stalemate was reached. Michael Salminen claims it resulted from Audrey Salminen's attempted sale of her interest in the property. Apparently due to confusion regarding the Salminens' respective interests in the SPAL property, on May 18, 1983 Michael Salminen moved the judicial officer to:

> 1. [Order] [Audrey Salminen] to take all acts necessary in order to personally obligate herself in the partnership business, mortgages, promissory notes, and any other such obligations of the partnership, SPAL Enterprises.
>
> 2. [Reaffirm] the Judgment and Decree dated January 24, 1983 that [Audrey Salminen] is awarded one-half of the interest in SPAL Enterprises a partnership, so that [Audrey Salminen] can share in the "ultimate gain or loss, resulting from the business of the partnership".

The judicial officer denied Michael Salminen's motion, explaining:

Mrs. Salminen has no control over and no responsibility for that and no obligation to carry forward the partnership operation because she is not a general partner. What she has is an undivided one-half interest in Mr. Salminen's share of a partnership asset, as an asset, because she has an undivided one-half interest. She has no immediate obligation or liability towards bills unless she has permanently signed off and has incurred personal liability voluntarily in association with the partnership. She apparently has not done so, at least according to the Affidavits that have been presented to the Court.

Michael Salminen did not appeal from this decision.

In January 1984, Spearman commenced the present declaratory judgment action in district court against both Salminens, requesting their property division be declared null and void since it attempted to convey to Audrey Salminen an interest in the partnership property. She cross-complained against her former husband, alleging he and Spearman were harassing her. Michael Salminen answered Spearman's complaint stating he "[did] not agree or disagree with each and every allegation, matter and thing in said Complaint." He denied Audrey's cross-complaint, and filed a cross-complaint against her, requesting the court enter an order:

1. Equitably dividing the real and personal property and the debts and liabilities of the parties between them.

2. In the alternative, enforcing paragraph eight of the Conclusions of Law of the Judgment and Decree of January 24, 1983 regarding the parties' interest in SPAL Enterprises.

3. Allowing [Spearman] to intervene in [the marriage dissolution] action.

On February 13, 1985, the court allowed the withdrawal of Michael Salminen's attorney.

In an order dated April 17, 1985, the district court declared Audrey Salminen was not a partner of SPAL Enterprises:

It is clear to this Court that [the judicial officer], as he orally stated on the record at the May 18, 1983 hearing, did not intend to make Audrey Lorraine Salminen a partner in SPAL Enterprise. He did not have the power, under Minnesota partnership law, to make her a partner even if he had wanted to do so. The record is clear that this was not his intention. He did not give her either the privileges or the obligations of being a partner in SPAL Enterprise.

What Audrey Lorraine Salminen was given by [the judicial officer] in the dissolution proceeding is a one-half interest in the share of the real property asset of the partnership held by Michael A. Salminen in the nature of an equitable lien. She is not Richard Spearman's partner. She does not have the power to bring a partition action against him because she is not his co-tenant or joint tenant. M.S. 558.01 et seq. She is more than a judgment creditor because she has a lien, but she also has the rights of a judgment creditor as set forth in Minnesota Statutes § 323.27.

As between Audrey Lorraine Salminen and Michael A. Salminen, it appears to this Court that the expressed intention of [the judicial officer] was to give her a one-half interest in the asset of the partnership, which includes the right to share in the net profits and surplus, the income and rent generated by that asset, and which might be distributed to Michael A. Salminen. See M.S. 323.25. The fact that she is entitled to share in the profits of the partnership does not change the fact that she is not a partner and has no right to interfere in partnership affairs, such as deciding who to rent to and the terms of any rentals. Consequently, as [the judicial officer] stated, she has no personal liability for the debts and obligations of the partnership.

Michael Salminen appealed the declaratory judgment entered pursuant to the court's order. An action for dissolution of the SPAL partnership and a mortgage foreclosure action are also pending.

## ISSUES

1. Did the trial court erroneously determine Audrey Salminen is not a partner of SPAL Enterprises and is not personally liable for its obligations?

2. Did the trial court improperly grant summary judgment after Michael Salminen raised factual issues concerning Audrey's alleged fraud or misconduct?

3. Did the court erroneously allow Michael Salminen's attorney to withdraw?

## ANALYSIS

1. Michael Salminen argues the original decree of dissolution held Audrey Salminen personally liable for the debts of the partnership. To the extent he appears to be challenging the 1983 dissolution decree, his challenge is not timely. Following the judicial officer's interpretation of the dissolution decree and refusal to order Audrey to personally obligate herself on the partnership debts, Michael did not appeal. That order is now final as to Michael Salminen.

2. However, Richard Spearman had the right to assert a declaratory judgment action. In *Bengtson v. Setterberg*, 227 Minn. 337, 35 N.W.2d 623 (1949), the supreme court indicated although a declaratory judgment generally cannot be used to collaterally attack a judgment, a party may seek to have the court determine the judgment entered by a court was void. The court stated:

> Rights under a decree, when left in doubt, are within the purview of the declaratory judgments act, and we believe that this court may determine what legal relations, if any, flowed from the decree entered by the probate court * * * and, by so doing, clear up the uncertainty as to rights of the parties involved.

*Id.* at 346, 35 N.W.2d at 627. Richard Spearman properly sought a declaration that the dissolution judgment with respect to the partnership property was invalid and could not affect his rights as a partner. When the district court adjudged the decree valid and declared its intent, Michael Salminen, as a party to the action, had the right to appeal.

The district court's interpretation of the dissolution decree was correct. A decree of marriage dissolution cannot confer partnership rights upon one who was not originally a partner. A partnership is a contractual arrangement, *Wallner v. Schmitz*, 239 Minn. 93, 95, 57 N.W.2d 821, 823 (1953), and consent of the contracting parties is required before a partnership relationship may be established. *See Bergstedt, Wahlberg, Berquist Associates, Inc. v. Rothchild*, 302 Minn. 476, 479, 225 N.W.2d 261, 263 (1975) ("It is the objective thing, the manifestation of mutual assent, which is essential to the making of a contract").

The district court ordered Audrey Salminen not be held personally liable for her husband's obligations to the partnership. It would be inequitable to hold Audrey Salminen liable for potential debts of the partnership when she has no control over its functions or decisions.

Michael Salminen argues it was inequitable for the district court to determine Audrey Salminen should profit if the partnership profits, but need not pay partnership debts. This claim was not raised in an appeal following the judicial officer's initial interpretation of the dissolution decree. Failure to do so constituted waiver, and Michael Salminen's claim now constitutes a collateral attack upon the dissolution decree, which cannot be allowed. *Bengtson*, 227 Minn. at 346, 35 N.W.2d at 627.

3. Michael also argues the district court improperly granted summary judgment because he raised factual issues in his affidavit. Summary judgment is inappropriate if an affidavit raises genuine issues of material fact. Minn.R.Civ.P. 56.03.

The disputed issues raised by Michael Salminen concern alleged misconduct by Richard Spearman and Audrey Salminen during the negotiations regarding the partnership, but he never alleged misconduct in any pleadings or responses to pleadings. This "issue" cannot be said to be "material" to this lawsuit. *See D. Herr & R.*

*Haydock*, 2A Minnesota Practice § 56.18 (1985).

■ 4. Finally, Michael Salminen argues the district court improperly allowed his attorney to withdraw as his counsel on February 13, 1985. Summary judgment was entered on April 17, 1985. Michael Salminen appealed only from that judgment. The order granting the attorney's withdrawal was nonappealable itself, but may now be considered on appeal from the judgment. Minn.R.Civ.App.P. 103.04.

■ Michael Salminen's claim on this issue is not meritorious. His attorney gave the following reasons for her request to withdraw: (a) Michael Salminen would not accept her assessment of the case or her advice, and insisted upon pursuing tactics which she did not feel advisable; (b) a potential conflict of interest due to the attorney's involvement as counsel for the Merchants and Miners State Bank of Hibbing, which would be involved in the mortgage foreclosure action against SPAL Enterprises; and (c) the attorney's belief Michael wished to pursue various claims in which she did not have the experience.

The Minnesota Code of Professional Responsibility, in effect at the time of counsel's withdrawal, permits withdrawal under the following circumstances:

(1) His client:

(a) Insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law.

\* \* \* \* \* \*

(d) By other conduct renders it unreasonably difficult for the lawyer to carry out his employment effectively.

\* \* \* \* \* \*

(2) His continued employment is likely to result in a violation of a Disciplinary Rule.

Code of Professional Responsibility D.R. 2–110 (1970).

D.R. 5–105 provides:

A lawyer shall not continue multiple employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by his representation of another client, or if it would be likely to involve him in representing different interests \* \* \*.

*Id.* D.R. 5–105(B).

An attorney may withdraw for justifiable and lawful cause, upon leave of the court. 7A C.J.S. *Attorney & Client* § 221 (1980). What constitutes adequate cause depends on the facts of each case, and "no rule of universal application has been formulated with respect to what facts or conditions justify an attorney in withdrawing." *Id.* at 394–95.

■ Michael Salminen's attorney gave him the case files and informed him approximately a month prior to her motion to the court he should obtain other counsel. In granting the request, the district court ordered no certificate of readiness be filed for a period of 60 days to permit new counsel to represent him. The decision to allow withdrawal was reasonable and rests within the discretion of the court. Michael Salminen had sufficient opportunity to obtain replacement counsel.

## DECISION

The trial court properly determined Audrey Salminen was not liable for any partnership debts. Appellant's attorney was properly allowed to withdraw from representation under the circumstances in this matter.

Affirmed.