**FARMERS SECURITY STATE BANK
OF ZUMBROTA, Appellant,**

v.

**Joseph VOEGELE, et al., Respondents.**

No. C8–85–1612.

Court of Appeals of Minnesota.

May 6, 1986.

Paul E. Rockne, Zumbrota, for appellant.

Michael J. Gillen, Faribault, for respondents.

Heard, considered, and decided by WOZ-NIAK, P.J., and HUSPENI and RANDALL, JJ.

## OPINION

RANDALL, Judge.

Farmers Security State Bank of Zumbrota (Bank) initially loaned money to both Susanne and Joseph Voegele, husband and wife. Certain loans were not fully repaid and the bank sued. Susanne Voegele claimed that she was not liable on promissory notes signed only by her husband and counterclaimed for the value of her interest in personal property sold to satisfy her husband's debts. The bank appeals from a judgment entered in Susanne Voegele's favor on her counterclaim against the bank and judgment in the bank's favor entered only against Joseph Voegele. Respondents, Susanne and Joseph Voegele, have not filed a brief. By leave of this court, counsel retained shortly before oral argument argued on their behalf.

## FACTS

On December 27, 1979, Susanne and Joseph Voegele borrowed $8,000 from appellant. Both Voegeles signed a promissory note. The bank claims that they both also signed a security agreement covering livestock and machinery which the proceeds were used to purchase. The bank could not produce that security agreement at tri-

al. On November 6, 1980, Susanne and Joseph Voegele borrowed another $8,000 to make the payment on their farm contract for deed. Both Voegeles signed this note and both signed a security agreement pledging shares of stock as collateral. These two notes are the only ones signed by Susanne Voegele, and their authenticity and the collateral behind them are not in issue.

Susanne Voegele concedes that approximately $15,000 in principal of the initial two $8,000 promissory notes signed by both Voegeles was not satisfied as of March, 1984. However, between November 7, 1980, and August 12, 1983, Joseph Voegele took out several more loans. Susanne Voegele signed no documents in connection with these additional loans. Joseph Voegele also signed several notes renewing these loans, as well as notes renewing the initial $8,000 notes.[1] Two final promissory notes and a security agreement dated August 12, 1983, one representing interest of $6,081.80 and one for principal, $38,594.62, were signed by Joseph Voegele alone. The bank sued both Voegeles on these two notes.

Joseph Voegele voluntarily liquidated the farm equipment and turned the proceeds over to the bank, leaving a deficiency in the amount owing. The stock securing the November 11, 1980, loan was also liquidated. Susanne Voegele does not challenge the stock liquidation because she joined in its pledge, but claims a one-half interest in the liquidated equipment proceeds.

The bank not only opposed her claim for one-half the proceeds but included her as a defendant in their lawsuit for the deficiency. Susanne Voegele counterclaimed for one-half the value of the farm equipment, claiming that she and her husband owned it together and that she had not granted the bank a security interest in her interest in that property. The trial court entered judgment against Joseph Voegele alone

---

1. Each renewal note stated that it was "given for renewal and extension of [the three prior notes] and is not in payment of the original note[s]." The renewal notes bore higher interest rates,

but no additional money was loaned to Joseph Voegele in the renewal notes. Most of the notes recite that they are secured by certain personal property.

and granted Susanne Voegele judgment for $6,466.05 on her counterclaim. The bank advised this court that Joseph Voegele has filed for chapter 7 bankruptcy.

## ISSUES

1. Did the trial court err in granting judgment to Susanne Voegele for the value of her interest in the liquidated personal property?

2. Did the trial court err in finding that Susanne Voegele was not liable on the notes executed by her husband on August 12, 1983?

## ANALYSIS

### I.

*Susanne Voegele's counterclaim*

The trial court concluded that

at no time did defendant Susanne E. Voegele give plaintiff bank a security interest in any livestock, farm machinery and equipment, that she was co-owner of together with her husband, Joseph Voegele.

■ This conclusion is based on the trial court's finding that "Joseph and Susanne E. Voegele did not give plaintiff bank a UCC security agreement on December 27, 1979, in and for 'farm personal property.'" This finding is not clearly erroneous, *Peterson v. Johnston*, 254 N.W.2d 360, 362 (Minn.1977). The bank could not produce the security agreement at trial that they claimed both Voegeles had signed even though the bank agreed that if that security agreement ever existed, it would have been under its custody and control. Susanne Voegele testified that she did not remember signing a security agreement in 1979. The only security agreements produced at trial were signed by Joseph Voegele alone and were for other notes. Thus, the evidence supports the trial court's finding that Susanne Voegele did not grant

appellant a security interest in the personal property at issue.

■ The trial court also found that on December 27, 1979, defendants Joseph Voegele and Susanne E. Voegele were the co-owners of certain livestock, farm machinery and equipment set forth and described in plaintiff's exhibit "D."

We interpret this to mean that the Voegeles held the personal property not as joint tenants, but as tenants in common. Courts will presume that property is not held in joint tenancy unless evidence or words of transfer affirmatively indicate otherwise. *See Peterson v. Lake City Bank & Trust Co.*, 181 Minn. 128, 131, 231 N.W. 794 (1930) (joint tenancy may exist in personal property); *Matter of Clark*, 357 N.W.2d 34, 36 (Ia.App.1984) (presumption that transfers of personal property to two or more persons create a tenancy in common rather than a joint tenancy unless a contrary intent is expressed). No bills of sale or other evidence were introduced to show that the property was held in joint tenancy. Susanne Voegele testified that she considered the farm a family enterprise. Her testimony supports the court's finding that both Voegeles, not Joseph Voegele alone, owned the property.[2]

■ Given these findings by the trial court, which we will not set aside as they are supported by the evidence, the trial court properly applied the law to the facts of this case when it granted Susanne Voegele judgment on her counterclaim. Minn. R.Civ.P. 52.01. She owned an undivided one-half interest in the property and never granted the bank a security interest in her one-half interest.[3] Therefore, she was damaged when the bank sold her interest in the property without her consent and kept the proceeds.

The bank alternatively contends that Susanne Voegele, as a matter of law, is estopped from denying Joseph Voegele's

---

**2.** Both Voegeles held wage-earning jobs at the time of the loans. The farm was not a full-time occupation for either one, but both contributed at least some labor to its operation.

**3.** Joseph Voegele gave the bank a valid security interest in *his* interest in the personal property, an undivided one-half interest in the personal property.

written representation to the bank that he as an individual was able to encumber all the personal property in issue. We initially note that the trial court found that Joseph Voegele was not acting as Susanne Voegele's agent at the time of the transactions at issue and we do not disturb that finding on appeal.

■ The trial court did not indicate why it rejected the estoppel claim. Because the conclusion that Susanne Voegele was not estopped has a factual basis in the record, we will not reverse even though the evidence may support a contrary conclusion.

■ A party cannot invoke estoppel when it could have discovered the true facts upon exercising reasonable prudence. *Hardwick v. Hansen,* 374 N.W.2d 297, 300 (Minn.Ct.App.1985). For the bank to prevail, its reliance on Joseph Voegele's representation must have been reasonable. *Id.* Here evidence indicates that the bank had reason to inquire into Susanne Voegele's interest in the property. She joined in the first two $8,000 notes and security agreements and the bank wanted her signature in those transactions. The bank had knowledge that both Voegeles contributed at least some labor to the farm operation. The evidence indicates that the bank had some notice of her ownership of the property but failed to take cognizance of it.[4]

The bank had the burden of proving estoppel, including the reasonableness of its reliance on Joseph Voegele's representation, and it failed to produce evidence meeting that burden. These facts justify the trial court's rejection of the estoppel claim.

We are mindful of the business practice of many banks, especially in rural areas, of dealing from time to time with just one spouse in a husband/wife operation after determining that the couple knowingly and voluntarily contracted for the initial loan.

We do not by this opinion lay down the inflexible rule that in every husband/wife venture the lender must obtain both signatures on each and every renewal, extension, or modification of the original loan documents. Each individual fact situation must be analyzed.

Our holding is confined to the peculiar facts of this case where the bank failed to produce the initial security agreement it claimed Susanne Voegele signed, although, if it existed, it was at all times in the bank's exclusive custody and control. Also, the record supports a finding that the bank failed to meet its burden of proving estoppel. The evidence showed that its reliance on Joseph Voegele's signature alone was not reasonable.

## II.

*Susanne Voegele's liability*

Susanne Voegele admitted at trial and on appeal that she remains liable for any deficiency on the two $8,000 notes which she signed. The trial court applied all the liquidation proceeds to these notes first, finding a $44.58 deficiency on the 1979 note, and a $2,748.87 deficiency on the November 1980 note. The trial court awarded judgment against both Voegeles for the $44.58 deficiency, but not for the $2,748.87. This was error because Susanne Voegele admitted her liability. We remand for entry of judgment against both Voegeles for the deficiency on the November 1980 note.

■ The question remains whether Susanne Voegele is liable for debts incurred only by Joseph Voegele. If the notes signed only by Joseph Voegele merely renewed notes signed by both Voegeles, Susanne Voegele would likely have remained liable on the renewed notes. If a note extends the time for payment only, it does not satisfy the original note, and those who

---

4. Susanne Voegele testified that the bank president told her that "a wife usually didn't know too much about this stuff, about the banking and farming part." Additionally, when both Voegeles came to the bank, the president spoke with Joseph Voegele, rather than Susanne Voegele. Finally, a bank employee testified that

"It's been our practice * * * just to deal with the husband of the farm family." This evidence supports a conclusion that the bank did not inquire into Susanne Voegele's ownership of the property, even though it had information that she had an interest in it.

executed the original note remain liable, even if they did not sign the renewal. *State Bank of Young America v. Vidmar Iron Works, Inc.*, 292 N.W.2d 244 (Minn. 1980); *Farmers Union Oil Co. v. Fladeland*, 287 Minn. 315, 178 N.W.2d 254, 257 (1970). Here the renewal notes signed by Joseph Voegele operated as more than an extension of notes signed by Susanne Voegele. They renewed debts never incurred by her as well. The new notes added thousands of dollars more in debt than she ever obligated herself for. Given the court's finding that Joseph Voegele was not Susanne Voegele's agent, his signature did not obligate Susanne Voegele. The trial court correctly refused to hold her liable for the *enlarged* debt obligation.

### DECISION

The trial court did not err in granting Susanne Voegele's counterclaim. The trial court did not err in refusing to grant appellant judgment against Susanne Voegele. The trial court erred in not granting judgment against Susanne Voegele for liability which she admitted, and this matter is remanded for entry of judgment in the amount of the deficiency on the November 1980 promissory note.

Affirmed in part and remanded.