**Helene GEORGENS, Appellant,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, Respondent.**

**No. C9–86–1760.**

Court of Appeals of Minnesota.

May 26, 1987.

Richard H. Bins, Brown & Bins, Rochester, for appellant.

David A. Joerg, Joerg & Benson, Preston, Bruce A. Beneke, St. Paul, for respondent.

Maureen M. Byron, Berry D. Friesen, Mankato, for amicus curiae Minn. Family Farm Law Project of Southern Minn. Regional Legal Services.

Heard, considered and decided by CRIPPEN, P.J., and WOZNIAK and MULALLY,* JJ.

## OPINION

EDWARD D. MULALLY, Acting Judge.

This is an appeal from an amended judgment denying appellant Helene Georgens' claim that she is entitled to an interest in crops grown on land owned by her and her husband and used to secure loans with respondent Federal Deposit Insurance Corporation. Appellant contends the trial court erred in its determination because (1) appellant and her husband did not operate a farming partnership; (2) appellant was not estopped from denying respondent's security interest; and (3) respondent's security interest is subject to a statutory exemption in favor of appellant. We affirm.

## FACTS

Appellant and her husband, Kenneth Georgens, have been married for 32 years. Prior to 1976, appellant and Georgens resided in their jointly owned personal residence in St. Paul. In late 1976, the couple purchased a farm in Filmore County. The Filmore farm was sold in 1979 and the proceeds were used to purchase a farm in Winona County. Both the Filmore and Winona farms were purchased in joint tenancy.

From approximately 1977 through 1983, Georgens obtained a series of operating loans and machinery purchase loans from the First National Bank of Rushford. Repayment of these loans was secured by two security agreements signed and delivered to the bank by Kenneth Georgens. Collateral for the security agreements includes all farm products, all present and future crops, and all real estate where the crops are growing. The last promissory note signed by Kenneth Georgens evidencing this debt is dated April 12, 1983, in the principal amount of $75,275. Appellant did not sign any of the promissory notes or security agreements, although she was aware of Kenneth Georgens' borrowing and the collateral used to secure the notes. The bank was also aware of Kenneth Georgens' marital status. The bank's interest has since been assumed by the Federal Deposit Insurance Corporation (FDIC).

Appellant contends that over the years she assisted with the daily farming operations. Appellant worked full-time off the farm from October 1983 to October 1984, at which time she moved back to her St. Paul residence. It is her claim that her off-farm income was used for family living expenses and farm operating expenses. Appellant does not recall the precise amount of her contribution to the farming expenses.

Kenneth Georgens planted and harvested the 1984 crop, apparently with some assistance from appellant and their son. The crops were harvested and sold after October 1, 1984. Presently, the net proceeds from the crop sale are being held in escrow pending resolution of this action.

Appellant contends she is entitled to one-half of the 1984 crop grown on the farm jointly owned by her and Kenneth Georgens, or the proceeds thereof. Respondent contends it is entitled to all of the crop proceeds according to the security agreement executed by Georgens. Initially, the trial court found that appellant and Kenneth Georgens were partners engaged in the farming business and that appellant derived her interest in the crops through her status as a partner. The trial court then found appellant entitled to $5000 of the crop proceeds because she qualified for a statutory exemption.

Both parties moved for amended findings of fact, conclusions of law and order for judgment. In its amended order, the trial court concluded that appellant and Geor-

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

gens operated as a partnership; that appellant was estopped from denying respondent's security interest; and that appellant did not qualify for a statutory exemption because the exemption only applies to natural persons.

## ISSUES

1. Did the trial court err in concluding appellant and her husband operated a farming partnership?

2. Did the trial court err in concluding appellant was estopped from denying respondent's security interest?

3. Did the trial court err in concluding appellant did not qualify for a statutory exemption?

## ANALYSIS

1. Although the facts in this matter would support a conclusion that at no time did appellant acquire a definitive legal ownership interest in the 1984 corn crop, the trial court found that appellant possessed an interest in the 1984 crop through her status as a partner in the couple's farming partnership. It appears to reach this determination by finding that both partners contributed their manual labor and economic funds to the farming operation. The trial court made no findings regarding the existence of a formal partnership agreement, the filing of partnership tax returns or the specific interests of appellant and Kenneth Georgens.

■ A partnership is a contractual arrangement established by the consent of the contracting parties. *Spearman v. Salminen,* 379 N.W.2d 627, 631 (Minn.Ct.App. 1986). Following the law of contracts, a partnership becomes an objective thing requiring the manifestation of mutual assent. *Bergstedt, Wahlberg, Berquist Associates, Inc. v. Rothchild,* 302 Minn. 476, 479, 225 N.W.2d 261, 263 (1975). If a contract fails to disclose an express agreement, the law may imply one based upon the circumstances or acts of the parties. No legal distinction results from a contract expressed in writing, verbally, through actions or by a combination of the three. *Id.*

■ Here, the trial court finds a partnership between appellant and her husband based upon the couple's actions. It is clear that in Minnesota a husband and wife may form a legally binding partnership. The parties owned the farm jointly and appellant testified that she considered herself Kenneth Georgens' partner. Whether a contract is to be implied is usually a question for the trier of fact as an inference to be drawn from the conduct and statements of the parties. *Id.* at 479–80, 225 N.W.2d at 263. Although both parties now deny the existence of a partnership, in absence of conclusive evidence to the contrary, the trial court's conclusion must be upheld. In *Cyrus v. Cyrus,* 242 Minn. 180, 64 N.W.2d 538 (1954), the court said:

> * * * Except in those rare cases where the evidence is conclusive, partnership or no partnership is a question of fact. Since there is no arbitrary test for determining the existence of a partnership, each case must be decided according to its own peculiar facts; and upon appeal this court will not disturb findings of the trier of fact unless the evidence is conclusive.

*Id.* at 183, 64 N.W.2d at 541 (footnotes omitted).

■ In its amicus curiae brief, the Minnesota Family Farm Law Project of Southern Minnesota Regional Legal Services recognizes that courts should be hesitant to find the existence of a partnership relationship in situations such as the present. The trial court, however, has found the existence of a partnership relationship and there is no conclusive evidence negating its existence. Therefore, the trial court's determination that a partnership existed must stand and is controlling as to all issues in the case.

2. Although the trial court provided appellant a property interest in the crops pursuant to her partner status, it estopped her from protecting that interest from respondent's security interest. The trial court found that:

> although [appellant] did not herself execute either of the documents associated with the loan, she was aware of their

existence and did not at any time prior to the 1984 harvesting season inform [respondent] of any alleged lack of authority in her husband to execute the documents or to bind any and all interest which she might have in the property covered by them.

Based upon this finding, the trial court concluded:

that in signing the note and security agreement, [appellant's] *husband had an apparent authority to bind [appellant's] interest in the crops,* which apparent authority was never denied nor withdrawn by [appellant], whose acceptance of the existence of the documents and the benefits of the loan now estops her from denying the security interest of [respondent].

Appellant argues the trial court erred in estopping her from denying respondent's security interest in the crop proceeds. Where there is a conflict of evidence, it is for the trial court to weigh the evidence and determine the facts, and its findings will not be upset if reasonably supported by the evidence. *Peterson v. Johnston,* 254 N.W.2d 360, 362 (Minn.1977).

■ While the trial court's findings as to the issue of estoppel were not as complete as they might have been, a reviewing court is not required to reverse simply because the trial court might have gone into more detail. *Id., citing Caroga Realty Co. v. Tapper,* 274 Minn. 164, 143 N.W.2d 215 (1966). The record supports the trial court's determination to invoke estoppel. Appellant admits knowledge of the security agreements and her failure to object to her husband's collaterizing the 1984 crop. Furthermore, the security agreements have been in existence since approximately 1979. It seems appellant's sudden objection to the security agreements might well result from the couple's current financial straits.

The trial court's estoppel determination is also supported by a recent appellate court decision. In *Farmers Security State Bank of Zumbrota v. Voegele,* 386 N.W.2d 760 (Minn.Ct.App.1986), this court upheld the lower court's determination that a farming wife was not estopped from deny-

ing a bank's security interest where the bank failed to obtain her signature on the corresponding documents. The court affirmed because, unlike the facts in this case, the bank could not produce the document it claimed the wife signed; it had reason to inquire about the wife's interest since she had signed prior loan documents; and because the bank had some notice of wife's ownership interest but failed to recognize it. The *Voegele* court went on to state that "our holding is confined to the peculiar facts of this case * * *." *Id.* at 763.

The distinguishable facts and limited application of *Voegele* supports the trial court's determination on the estoppel issue. Although the bank was aware of Kenneth Georgens' marital status, appellant never signed any of the loan documents. Unlike *Voegele,* here respondent had no reason to inquire about appellant's interest since she had never been involved in any of the prior financing transactions. Appellant's lack of participation supports the trial court's conclusion that Kenneth Georgens had authority to transact business for the farm.

3. Although it appears that appellant made no claim for the exemption under Minn.Stat. § 550.37, subd. 5, until the time of trial, the trial court found that the existence of a partnership precluded appellant from qualifying for the exemption provided therein, even in the absence of a waiver of such protection pursuant to Minn.Stat. § 550.37, subd. 9.

Minn.Stat. § 550.37, subd. 18 reads: "The exemptions provided for in subdivisions 3 to 15 extend only to debtors who are natural persons." Since the filing of the trial court's decision, the Minnesota Supreme Court has filed its opinion in *Moyer v. International State Bank of International Falls, Minnesota,* 404 N.W.2d 274 (Minn.1987), which clarifies Minn.Stat. § 550.37.

The *Moyer* court held that except as to the exceptions referred to in Minn.Stat. § 550.37, subd. 4, the exemption statute (Minn.Stat. § 550.37) does not deprive a debtor, who holds a perfected security interest, of any of the ordinary incidents of

ownership of exempted property. The *Moyer* court further stated that Minn.Stat. § 550.37 does not restrict the debtor's freedom to dispose of exempted possessions as desired, even in the absence of a waiver in the statutory form.

 Since appellant is estopped from denying respondent's security interest in the crop, and a waiver is not required, appellant has no basis for a claim under Minn. Stat. § 550.37, subd. 5.

## DECISION

The trial court did not commit reversible error in concluding appellant and her husband operated a farming partnership; that appellant's partner status estopped her from denying respondent's security interest; and that appellant has no basis for claiming a statutory exemption.

Affirmed.

CRIPPEN, Judge, concurring specially.

I concur in the majority opinion. However, regarding appellant's claim for an exemption under Minnesota Statutes § 550.37, subd. 5 (1986), I would affirm singularly on the authority of *Moyer v. International State Bank of International Falls,* 404 N.W.2d 274 (Minn.1987). The trial court erred, I believe, in concluding appellant was not a "natural person," so that she was ineligible for an exemption claim under Minnesota Statutes § 550.37, subd. 18. In my opinion, nothing in the circumstances surrounding the Georgens' farm operation robs them of their status as natural persons.