In re Scott **THOMPSON** and Peggy Jo Thompson, Debtors.

**PRODUCTION CREDIT ASSOCIATION OF MANKATO, Appellant,**

v.

Scott **THOMPSON** and Peggy Jo Thompson, Appellees.

No. 88–5349.

United States Court of Appeals, Eighth Circuit.

Submitted May 9, 1989.

Decided Sept. 8, 1989.

---

Gary Koch, New Ulm, Minn., for appellant.

Brian D. Roverud, Blue Earth, Minn., for appellees.

Before JOHN R. GIBSON and MAGILL, Circuit Judges, and HEANEY, Senior Circuit Judge.

HEANEY, Senior Circuit Judge.

This case involves the issue of whether debtors can avoid a lien pursuant to 11 U.S.C. § 522(f) on property exempt under state law even though they have waived their state law rights attendant to such property. Both the bankruptcy court and the district court held that a debtor could avoid a lien in such an instance. We affirm.

---

**I. BACKGROUND**

On October 9, 1987, two Minnesota farmers (debtors) filed a Chapter 7 bankruptcy. Prior to October 9, Production Credit Association (PCA) made various loans to the debtors, and, to secure those loans, the debtors voluntarily granted PCA a security interest in all their farm machinery and equipment. This security agreement was executed and perfected. It did not contain an *explicit* waiver of their rights attendant to exempt property.

In their Schedule B-4 filed with the bankruptcy court, the debtors claimed as exempt all their farm machinery and equipment under Minn.Stat. § 550.37, Subd. 5. Subdivision 5 provides that "[f]arm machines and implements used in farming operations by a debtor engaged principally in farming, livestock, farm produce, and standing crops, not exceeding $10,000 in value" for each debtor are exempt. The debtors' machinery and equipment was valued at $18,975 and is completely encumbered by PCA's security interest.

On November 30, 1987, PCA brought a motion for relief from stay under 11 U.S.C. § 362(d) to permit PCA to proceed to foreclose its security interest in the above-described collateral. At the same time, the debtors brought a motion to avoid PCA's lien under 11 U.S.C. § 522(f).[1] PCA also filed an objection to the debtors' claimed exemption for farm machinery and equipment.

The bankruptcy court entered a bench order holding that the debtors were entitled to avoid this lien under subsection 522(f). The court reasoned that the Bankruptcy Code, as federal law, is supreme and supersedes any conflicting Minnesota law.

Reviewing *de novo*, the district court affirmed the decision of the bankruptcy court.

**II. DISCUSSION**

Upon commencement of an action in bankruptcy, all property in which the debt-

---

1. Subsection 522(f) provides:
   Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which debtor would have been entitled under subsection (b) of this section, if such lien is a nonpossessory, nonpurchase-money security interest. . . .

or has a legal or equitable interest becomes property of the bankruptcy estate. The debtor is then allowed to reclaim specific kinds of exempt property. 11 U.S.C. § 522(b). Congress has enacted a set of federal exemptions but permits states to "opt out" of the federal scheme of exemptions. 11 U.S.C. § 522(b)(2)(A). Minnesota has not "opted out." Rather, it has given debtors the right to choose either the federal exemptions or the Minnesota exemptions. Minn.Stat. § 550.371. In the instant case, the debtors elected the state exemptions.

The appellant argues that under *Moyer v. International State Bank of International Falls*, 404 N.W.2d 274 (Minn.1987), and *Georgens v. Federal Deposit Ins. Corp.*, 406 N.W.2d 95 (Minn.Ct.App.1987), farm machinery and equipment encumbered by a security interest are no longer considered exempt by the State of Minnesota.

In *Moyer*, a creditor sought review of a decision of the Minnesota Court of Appeals, holding that a creditor possessing a perfected security interest in an automobile could not take possession without an *explicit* waiver of the protections given exempt property under Minn.Stat. § 550.37. The Supreme Court of Minnesota reversed, concluding that the mere inclusion of property within the exemption statute does not interfere with a debtor's ability to grant a security in that property. *Moyer*, 404 N.W.2d at 276. Accordingly, the debtor does not have to execute an explicit waiver. *Id.* at 276–77.

In the *Georgens* case, the Minnesota Court of Appeals reconfirmed the *Moyer* holding that an explicit waiver is not required, quoting extensively from the *Moyer* decision. *Georgens*, 406 N.W.2d at 99.

PCA gleans from these cases the unwarranted legal conclusion that Minnesota considers farm machinery and equipment *not* to be exempt where such property has been voluntarily encumbered by a security interest granted by the debtor. Rather, we read *Moyer* and *Georgens* to stand for the proposition that the debtor waives the protections granted by state law in Minn.Stat. § 550.37, subd. 1 by encumbering his or her property. The Minnesota "statute does not forbid a debtor to mortgage protected property and to create a lien against identified property which can be foreclosed *despite the property's exempt status.*" *Moyer*, 404 N.W.2d at 277.

Although a state may elect to control what property is exempt under state law, federal law determines the availability of lien avoidance under section 522(f) of the Code.[2] *Matter of Thompson*, 750 F.2d 628, 630 (8th Cir.1984). Therefore, we look to federal law to determine whether a debtor can avoid a lien to the extent that such lien impairs the exempted property even though the debtor has waived the rights granted by the exemption. *In re Leonard*, 866 F.2d 335, 336 (10th Cir.1989). *Dominion Bank of Cumberlands v. Nuckolls*, 780 F.2d 408, 412 (4th Cir.1985). *See In re Maddox*, 713 F.2d 1526, 1530 (11th Cir. 1983) (adopting the argument that the federal Bankruptcy Code does not permit a state to "opt out" of the lien avoidance

---

**2.** This Court in *Thompson* discussed the legislative history of the enactment of the lien avoidance section.

Section 522(f)(2) was first introduced into the bankruptcy laws in 1978. As the legislative history shows, Congress determined that a lien avoidance provision was necessary to provide debtors with a mechanism by which they could extricate themselves from "adhesion contracts" impairing a "fresh start." Legislators were concerned with creditors who, in loaning money, took security interests in all of a debtor's personal belongings, and then threatened repossession as a means of coercing repayment from frightened debtors. *See* H.R.Rep. No. 595, 95th Cong., 2d Sess. 126–27,

*reprinted in* 1978 U.S.Code Cong. & Ad. News 5787, 6087–88 (hereinafter cited as 1978 U.S. Code Cong. & Ad. News). Section 522(f)(2) was envisioned as of "significance for the average consumer debtor." 1978 U.S.Code Cong. & Ad.News at 6088. *See also United States v. Security Industrial Bank*, 459 U.S. 70, 84, 103 S.Ct. 407, 415, 74 L.Ed.2d 235 (1982) (Blackmun, J., concurring) ("[T]he security interest seems to have little direct value and weight in its own right and appears useful mainly as a convenient tool with which to threaten the debtor to reaffirm the underlying obligation * * *."). *Id.*

provisions of section 522(f)). As to this question, the language in the Code is clear: "Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien...." 11 U.S.C. § 522(f). The plain meaning of section 522(f) demands the conclusion that a debtor may avoid a lien on exempted property despite the debtor's waiver of the exemption. *Dominion Bank,* 780 F.2d at 412.

In sum, while the debtors in the instant case have waived their attendant rights to an exemption under Minnesota law, this waiver does not eliminate their right to avoid the lien on exempted property under federal law. Therefore, we affirm the bankruptcy court's and district court's holdings.