MILDRED MONTFORD v. H. G. GROHMAN, IN HIS OFFICIAL CAPACITY AS SHERIFF OF NEW HANOVER COUNTY, AND BENEFICIAL FINANCE COMPANY OF WILMINGTON

No. 775SC583

(Filed 20 June 1978)

**Homestead and Personal Property Exemptions § 6; Uniform Commercial Code § 45— personal property exemption—inapplicability to secured property**

 A provision of a consumer loan security agreement by which the debtor purported to waive her right to the $500.00 personal property exemption granted by Art. X, § 1 of the N. C. Constitution and G.S. 1-369 was inoperable since the debtor could not waive her exemption in case of levy upon her property. However, the personal property exemption did not prevent the lender from enforcing its right to possession of the debtor's household goods in which it had a security interest, although all of the debtor's assets consisted of household goods worth less than $500.00. G.S. 25-9-503.

APPEAL by defendant, Beneficial Finance Company of Wilmington, from *Rouse, Judge*. Judgment entered 21 February 1977 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 6 April 1978.

Plaintiff seeks by this action to prevent the execution of a Writ of Possession for her household furnishings. On 4 December 1975, plaintiff and defendant, Beneficial Finance Company of Wilmington, entered into a consumer loan transaction by which Beneficial obtained a security interest in all of the plaintiff's personal property, including her household furnishings. By the terms of the security agreement she waived all rights of exemption under the laws of the State. On 27 July 1976, the loan was in default. Beneficial obtained a Judgment of Possession in Magistrate's Court, alleging that all of plaintiff's household goods and furnishings were worth no more than five hundred dollars. No appeal was taken from the magistrate's order. Plaintiff did, however, promptly petition the Clerk of Court to set apart her personal property which was exempt from execution. When the sheriff of New Hanover County gave plaintiff notice that he intended to enforce the Writ of Possession without reference to the exemption, plaintiff brought this action to enjoin him from executing the Writ of Possession until her exempt property was determined and for a Declaratory Judgment that she is entitled to have up to $500.00 of her personal property set apart as exempt from enforcement of the Writ of Possession.

The court made appropriate findings of fact and concluded that plaintiff had made a timely claim for her exemption, that her personal property exemption was a right guaranteed to her by the North Carolina Constitution, and that she did not give up that right when she created a security interest in that property by agreement with Beneficial.

*James B. Gillespie, Jr., New Hanover Legal Services; Donald S. Gillespie, Jr., and Robert H. Gage, Legal Aid Society of Mecklenburg County, attorneys for plaintiff appellee.*

*Poisson, Barnhill, Butler & Britt, by Donald E. Britt, Jr., for defendant appellant, Beneficial Finance Company of Wilmington.*

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Assistant Attorney General Alan S. Hirsch, amicus curiae, State of North Carolina.*

*Jordan, Morris and Hoke, by John R. Jordan, Jr., Joseph E. Wall and Robert R. Price, amicus curiae, North Carolina Consumer Finance Association, Inc.*

VAUGHN, Judge.

It is helpful in viewing this matter to differentiate carefully between the issue actually before us and those which were decided by the magistrate on 27 July 1976. No appeal was taken from that judgment, and the parties may not now attack it or attempt to review the matters decided there. That judgment established the validity of Beneficial's security interest and the fact of plaintiff's default on her obligation. It also established the extent of the security interest which included "[a]ll of the household furniture and furnishings, electrical and gas appliances, including television sets, phonographs and record players, refrigerators, etc. and other personal property owned and located at the residence of the [plaintiff]." And finally it established that all of plaintiff's personal property is worth no more than $500.00. By not appealing the magistrate's order, plaintiff conceded that in her case the provision quoted above was not overly broad nor in any other way unconscionable and that she had no defense against an action on the security agreement. The magistrate's order thus confirmed Beneficial's right to possession of the personal property. G.S. 25-9-503.

The question remaining for our consideration is whether the personal property exemption found in Article X of the North Carolina Constitution and G.S. 1-378 in any way prevents Beneficial from enforcing its right to possession of the articles in which it has a security interest. While the parties have made much of the fact that this security interest pertained to a high risk loan and of the fact that all plaintiff's assets are household goods and are worth less than $500.00, these matters are immaterial to the question. We also note that most of plaintiff's argument concerns itself with what she says the law should be rather than what it is. That argument should be directed to the legislative branch of government. The exemption provisions in the Constitution do not make special allowances for a resident's sole remaining assets. In *Scott v. Kenan*, 94 N.C. 296 (1886), the Court held that it was immaterial how much personal property a debtor possessed, for he had the right to select any of it up to the value of his exemption and leave any remainder for his creditors. Moreover, the laws of this State pertaining to security interests do not provide special protection for those creditors who make high risk loans. *See* G.S. 25, Article 9, North Carolina Comment

and G.S. 25-9-102. We must, therefore, consider more generally the interaction of the U.C.C. and the personal property exemption.

Under Article X of the Constitution and G.S. 1-369, personal property belonging to any resident of the State up to a value of $500.00 is "exempted from *sale under execution* or other final process of any court, issued for the collection of any debt." N.C. Const. art. X, § 1 (emphasis added). The procedure to be followed is set out in G.S. 1-378. After levy upon his personal property by virtue of final process for the collection of a debt, the owner may demand that the sheriff summon appraisers who will lay off to him such articles as he selects of a value up to $500.00. The creditors may then take possession of the remainder. All the parties concede that plaintiff has a clear right to convey any of her property, either before or after her exemption is allotted. The law protects her not from destitution but only from loss of the property due to sale under final process for the collection of any debt. It does no more. Indeed, if she wished she could give away her last possessions. *Cf. New Amsterdam Casualty Co. v. Waller*, 323 F. 2d 20 (4th Cir. 1963), where the Court found that under North Carolina law the first five hundred dollars of a gift in fraud of creditors might be exempt from recovery by the creditors on the theory that the debtor had a right to dispose of his exempt property and to that extent the gift was not in fraud of the creditors. Before the enactment of the U.C.C., a debtor could subject his personal property to a chattel mortgage, and if he did so, the property was liable for the mortgage debt first and the debtor's exemption was allotted only in the amount of the surplus. *Gaster v. Hardie*, 75 N.C. 460 (1876). The Court based its decision in part on the concept that by mortgaging his property the mortgagor conveyed a special interest in it to his mortgagee. Although the case concerned the relative rights of the mortgagee and a judgment creditor in certain property, the Court made it clear that while the debtor's right to exemption operates against the creditor, it does not protect him from foreclosure by the mortgagee. In part, this is due to application of the concept of transfer of title; by mortgaging his property the mortgagor conveyed it to the mortgagee reserving, among other rights, the right to possession, and the judgment creditor may reach only those assets which the debtor owns.

An Article 9 security interest by the terms of the U.C.C. replaces the older chattel mortgage as a method of protecting the creditor. G.S. 25-9-102(2). Title is no longer the determinative concept. G.S. 25-9-202. Nevertheless, the result is the same. The change in method of creating a creditor's interest in property does not affect the debtor's right to encumber his property at will. Having chosen to do so, he may be held to the consequences of his decision. Thus, if the plaintiff had owned, in addition to the personal property covered by this security interest, other property worth $500.00, which was not at her residence, she could not have selected the property in which she had granted Beneficial a security interest to be exempt and forced it to take her other property in satisfaction of her debt, despite the fact that she had more immediate need of the household furnishings. The first action established conclusively the terms of this security interest as transferred by plaintiff to Beneficial. She may not deny it now. *Compare Hernandez v. S.I.C. Finance Co.*, 79 N.M. 673, 448 P. 2d 474 (1968), where the Court found that when a debtor subjects property which would otherwise be exempt from levy to a security interest, he thereby waives his right to the exemption.

We thus hold that plaintiff divested herself of her right to possession of this property by the terms of her own contract with Beneficial which was made pursuant to the provisions of Article 9 of the U.C.C. When she defaulted on her obligation to Beneficial, Beneficial had an immediate right to possess the articles in which she had given it a security interest. G.S. 25-9-503. This right should be distinguished from any interest which a creditor might seek under an executory waiver of the right to exemption. It has long been held that a debtor cannot be bound by an agreement to waive his exemption in case of levy upon his property. *Branch v. Tomlinson*, 77 N.C. 388 (1877). The waiver provision in the security agreement is thus inoperable. In the cases of foreclosure of mortgages or of taking possession of collateral after default, however, no right to possession remains in the debtor who has voluntarily bargained it away. Our Legislature has seen fit "to surround the family home with certain protection against the demands of urgent creditors . . . [to put it] beyond the reach of those financial misfortunes which even the most prudent and sagacious cannot always avoid." *Williams v. Johnson*, 230 N.C. 338, 343, 53 S.E. 2d 277, 281 (1949). It has not seen fit to prevent a

debtor from "selling" or otherwise transferring an interest in that property to another, thereby giving the other priority of right to possession of the collateral. The constitutional exemption operates against general creditors so as to allow the debtor to retain his most valued $500.00 of property in the face of their executions. It does not operate so as to hinder secured creditors from realizing on the terms of their bargain.

We point out that the Legislature could, by appropriate action, prevent security interests in household goods from being effective and, thereby, guarantee that a debtor could not strip himself of his final assets except by sale or gift. *See First Nat. Bank v. LaJoie*, 537 P. 2d 1207 (Okla. 1975). No such legislation is in effect, however. The judgment giving plaintiff the right to retain $500.00 of personal property in preference to Beneficial is reversed as is the order enjoining defendant Grohman from enforcing the Writ of Possession filed 13 August 1976.

Reversed.

Judges PARKER and WEBB concur.