Caroline **MOYER**, Appellant,

v.

**INTERNATIONAL STATE BANK OF INTERNATIONAL FALLS,**
Minnesota, Respondent.

No. CX-85-1708.

Court of Appeals of Minnesota.

April 8, 1986.
Review Granted July 2, 1986.

Richard C. Mollin, Jr., International Falls, for appellant.

David P. Pearson, Winthrop, Weinstine & Sexton, St. Paul, for respondent.

Heard, considered and decided by LESLIE, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

LESLIE, Judge.

Appellant brought suit against respondent alleging that respondent converted her automobile by repossessing it after failing to obtain from appellant a written waiver of her exemption. The trial court ruled that respondent properly resorted to the self-help remedy of Minn.Stat. § 336.5–503 (1984). We reverse and remand.

## FACTS

Appellant Caroline Moyer borrowed money from respondent International State Bank of International Falls. As security for the loan she pledged her automobile, a 1979 Nova. Pursuant to Minn.Stat. § 550.-37 (1984) this automobile was exempt from attachment, garnishment, or sale on any final process, issued from any court unless appellant signed a waiver. Appellant did not sign this waiver.

Appellant went into default on the loan. Respondent sent her written notice that she was in default and that it would repossess her car if she did not make up the arrearages. Shortly thereafter an agent for respondent approached appellant and told her that he was repossessing the car. Appellant allowed the agent to peacefully repossess the car which was later sold for $2500.

Appellant brought suit alleging the bank converted her car. She claimed that her car was exempt from being repossessed because she did not sign a waiver. The trial court ruled that respondent validly resorted to the self-help provisions of Minn. Stat. § 336.9–503. From the judgment for respondent this appeal follows.

## ISSUE

May a creditor resort to the self-help repossession remedy of Minn.Stat. § 336.9–503 (1984) to repossess an automobile secured by a non-purchase money security agreement when the debtor has not signed a waiver of her statutory exemption rights under Minn.Stat. § 550.37 (1984)?

## ANALYSIS

 Article I, section 12 of the Minnesota Constitution states in part that "[a] reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability." The purpose of this provision is to protect a debtor and the debtor's family against absolute want by allowing them enough property to maintain themselves in a decent manner. *See Poznanovic v. Maki*, 209 Minn. 379, 382, 296 N.W. 415, 417 (1941). Minn.Stat. § 550.37 (1984) was enacted to implement this policy. Minn.Stat. § 550.37 subd. 1 states that "[t]he property mentioned in this section is not liable to attachment, garnishment, or sale on any final process, issued from any court." Minn.Stat. § 550.37 subd. 12a makes exempt "[o]ne motor vehicle to the extent of a value not exceeding $2000." The automobile exemption can be waived by having the owner sign a statement clearly stating that the owner understands the property is normally protected but that the owner is voluntarily giving up this protection. *See* Minn.Stat. § 550.37 subd. 19. It is undisputed that appellant never signed such a written waiver.

Respondent argues that because it used the self-help repossession remedy of Minn. Stat. § 336.9–503 (1984) it did not need to have appellant sign a waiver. Respondent asserts that § 550.37 only exempts property from "attachment, garnishment, or sale on any final process, issued from any court." Because respondent did not resort to court process, respondent claims that it did not come within the provisions of the exemption statute. Respondent contends that because it held a valid security agreement in appellant's automobile and appellant was clearly in default on her loan, it had a right to take possession without judicial process if that could be done without breach of the peace. *See* Minn.Stat. § 336.-9–503. Because it clearly took possession of appellant's automobile without a breach of the peace, respondent argues that its actions were proper even though no waiver was ever signed.

 We disagree. The self-help provision of § 336.9–503 is a harsh remedy and should be strictly applied "to prevent abuse and to discourage illegal conduct which would often go undetected due to the consumer's lack of knowledge." *Steichen v. First Bank Grand*, 372 N.W.2d 768, 773 (Minn.Ct.App.1985), *pet. for rev. denied*, (Minn. Oct. 18, 1985). Because of its potential for abuse, similar self-help provisions have been frequently attacked as violating due process requirements. *See* Catz & Robinson, *Due Process and Creditor's Remedies*, 28 Rutgers L.Rev. 541, 568–84 (1975). Although § 336.9–503 has been found constitutional, this holding was not because the self-help remedy is not subject to abuse, but because no significant state action is involved. *See Bichel Optical Laboratories, Inc. v. Marquette National Bank of Minneapolis*, 487 F.2d 906 (8th Cir.1973).

Respondent argues that other jurisdictions have allowed secured parties to repossess otherwise exempt property. *See State v. Avco Financial Service of New York, Inc.*, 50 N.Y.2d 383, 406 N.E.2d 1075, 429 N.Y.S.2d 181 (1980); *Hernandez v. S.I.C. Finance Co.*, 79 N.M. 673, 448 P.2d 474 (1968); *Montford v. Grohman*, 36 N.C. App. 733, 245 S.E.2d 219, (1978). We find those cases distinguishable because they contain different exemption statutes and do not have constitutional provision identical to that in Minnesota. Furthermore, Minnesota law clearly does provide a means for a secured party to repossess otherwise exempt property. A secured party may repossess otherwise exempt property by simply having the borrower sign a statement that says the borrower is knowingly waiving his rights. Minn.Stat. § 550.37 subd. 19. This is an uncomplicated method which provides some protection for the debtor while not imposing an unnecessary burden on the creditor.

 Under respondent's theory, a secured party who failed to have the debtor sign a waiver could not use a court ordered method to repossess the property. However, the secured party could resort to the

less favored, potentially abusive, self-help remedy. The constitutional provision does not limit itself to judicial action but clearly exempts property from "seizure or sale for the payment of any debt or liability." Minn.Const. art. I, § 12. We cannot believe the legislature intended to allow the creditor to do by self-help that which it could not do through the judicial process. We would be compelled to find any other interpretation of the provision in violation of the Minnesota Constitution. Therefore, we hold that when a creditor fails to have the debtor sign a waiver of its exemption, the creditor has no greater rights to self-help repossession than it does to judicial actions. To hold otherwise would allow a humanitarian constitutional provision to be constantly circumvented because of a mere technicality. *See generally* Haines, *Security Interests In Exempt Personalty: Toward Safeguarding Basic Exempt Necessities,* 57 Notre Dame Law. 215 (1981).

That, however, does not end our discussion. Although the parties did not discuss the issue, it is clear that the automobile is not entirely protected under the exemption statute. Minn.Stat. § 550.37, subd, 12a specifically exempts "one motor vehicle *to the extent of a value not exceeding $2000.*" (emphasis added). We interpret this provision to mean that a car worth only $2000 is completely exempt but one worth more than that is only partially exempt. If a person owns a luxury car worth $20,000 we believe that a creditor may force a sale and keep all of the proceeds except $2000. Debtors would then be allowed to take the $2000 and purchase an inexpensive automobile which would effectively fulfill their basic transportation needs. This interpretation is consistent with the purpose of the exemption statute to allow a person to retain a moderate amount of property on which to live. *See Poznanovic,* 209 Minn. at 382, 296 N.W. at 417.

In the present case the value of appellant's car did exceed $2000, as it was later sold for $2500. We believe that appellant's actual damages are limited to only $2000 and that respondent is entitled to the remaining $500. We do believe that appellant is entitled to any consequential damages which she can prove. We therefore remand for a determination of damages consistent with this opinion.

### DECISION

The trial court erred in holding that respondent could resort to self-help when it failed to have appellant sign a waiver of her statutory exception. We reverse and remand for a determination of damages.

Reversed and remanded.