Carolyn MOYER, Respondent,

v.

INTERNATIONAL STATE BANK OF INTERNATIONAL FALLS, MINNESOTA, petitioner, Appellant.

No. CX–85–1708.

Supreme Court of Minnesota.

April 24, 1987.

Rehearing Denied July 15, 1987.

David P. Pearson, William D. Hittler, St. Paul, for appellant.

Richard C. Mollin, International Falls, for respondent.

COYNE, Justice.

International State Bank of International Falls has secured review of a decision of the court of appeals holding that a creditor possessed of a perfected security interest in an automobile could not take possession of the automobile without a waiver which satisfies the requirements of Minn.Stat. § 550.37, subd. 19 (1986). *Moyer v. International State Bank of International Falls*, 385 N.W.2d 38 (Minn.App.1986). We reverse and reinstate the judgment of the trial court.

When Carolyn Moyer borrowed money from International State Bank, she executed an installment note and security agreement giving the bank a security interest in Moyer's automobile, a 1979 Chevrolet Nova. The security agreement provided that the bank could take possession of the automobile in the event of default. Neither at the time the loan was made nor at any other time did the bank procure Moy-er's written waiver of the exemption provided at section 550.37, subd. 12a, for one motor vehicle to the extent of a value not exceeding $2,000.

On November 5, 1982, the bank notified Moyer that payments on the note were four months in arrears and that the note was in default. On December 6, 1982, two bank officers went to Moyer's place of employment, informed her that the loan was in default, and asked for the 1979 Chevrolet Nova. Moyer wanted to remove her personal belongings from the car so the bank officers agreed to meet Moyer at her home later that day. When one of the bank officers came to her home, Moyer relinquished the car to him. On March 3, 1983, the car was sold for $2,500.

Contending that because she had not waived the exemption afforded by section 550.37 the bank had converted the Chevrolet Nova when it took possession of it, Moyer sued the bank for conversion. The matter was tried to the court, which concluded that repossession of the automobile by the bank, pursuant to a perfected security interest, "without breach of the peace and without judicial process, is not proscribed by Minn.Stat. § 550.37." Holding that a secured creditor could not resort to the self-help remedy provided at Minn.Stat. § 336.9–503 (1986) to take possession of an automobile when the debtor had not signed a waiver of exemption pursuant to section 550.37, the court of appeals reversed.

Both the trial court and the court of appeals focused on the manner in which the creditor acquired possession of the property—that the creditor took possession without breach of the peace and without resort to judicial process. We believe, however, that the crux of the matter is whether the exemption provided by section 550.37, subd. 12a, is applicable to security interests created pursuant to the Uniform Commercial Code. Although requiring a lending institution to secure execution of a waiver of exemption in the statutory form at the time the loan is made and the lender acquires a security interest in a borrower's automobile can hardly be said to constitute an impossible or unreasonable burden, we are

of the opinion that Minn.Stat. § 550.37, subd. 19 does not impose such a burden.

Since 1858 the mandate of article I, section 12 of the Minnesota Constitution that "[a] reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability" has been carried out by section 550.37 or its predecessors. Despite our long established recognition that "[t]he humane and enlightened purpose of an exemption is to protect a debtor and his family against absolute want by allowing them out of his property some reasonable means of support and education and the maintenance of the decencies and proprieties of life," *Poznanovic v. Maki*, 209 Minn. 379, 382, 296 N.W. 415, 417 (1941), we have never indicated that the mere inclusion of property within the exemption statute interferes with a debtor's express grant of a security interest in that property.

Only at subdivision 4, dealing with personal goods, does section 550.37 address the giving of a security interest. The statute declares void any nonpurchase money security interest, except a pawnbroker's possessory lien, in all wearing apparel, utensils and foodstuffs and also in all household furnishings to the value of $4,500. The proscription is limited, however, to a *nonpurchase money* security interest: the statute expressly recognizes the validity of a *purchase money* security interest. Having acknowledged the debtor's right to secure the purchase of the kind of personal goods which are essential to a decent life by a security interest in the goods, section 550.37 does not burden the transaction in any manner. The mechanics of perfecting the security interest are governed by Title IX of the Uniform Commercial Code.

On the other hand, section 550.37, subd. 12a, which exempts one motor vehicle to the extent of a value not exceeding $2,000, makes no reference to security interests. Neither does section 550.37, subd. 19 [1] refer to security interests created pursuant to the U.C.C. In view of the legislature's demonstrated ability to delimit the encumbrance of certain kinds of exempt property and in view of our long established construction of statutory liens as exceptions to the exemption statutes so that exempt property is subject to statutory liens, *Continental Casualty Co. v. Knowlton*, 305 Minn. 201, 215, 232 N.W.2d 789, 798 (1975), we do not doubt that if the legislature had intended to restrain the specific encumbrance of exempt property or to engraft on the perfection of a security interest under the U.C.C., Minn.Stat. § 336.9–303 (1986), the obligation to procure a waiver substantially in the form prescribed by section 550.37, subd. 19, the legislature would have spoken in clear and unmistakable language rather than leaving the question for inclusion by reason of its silence.

Neither do we perceive an intention to engraft onto the U.C.C. requirements for perfecting a security interest additional requirements which are not mentioned anywhere in the Minnesota Uniform Commercial Code. When the legislature wished to depart from the procedures established or authorized under the U.C.C. for repossession of a manufactured home it expressly provided that the Manufactured Home Repossession Security Act of 1975 should supersede the Code. Minn.Stat. §§ 550.37, subd. 12; 327.63, subd. 1; and 336.9–104(m) (1986).

■ We hold, therefore, that the exemption statute does not deprive a debtor of any of the ordinary incidents of ownership of exempted property or restrict the debtor's freedom to dispose of exempted possessions as he or she wishes, except that a debtor may not grant a nonpurchase

---

1. Minn.Stat. § 550.37, subd. 19 (1986) provides as follows:

Subd. 19. Waiver. The exemption of the property listed in subdivisions 2, 3, and 5 to 12a may not be waived except by a statement in substantially the following form, in bold face type of a minimum size of 12 points, signed and dated by the debtor at the time of the execution of the contract surrendering the exemption, immediately adjacent to the listing of the property: "I understand that some or all of the above property is normally protected by law from the claims of creditors, and I voluntarily give up my right to that protection for the above listed property with respect to claims arising out of this contract."

money security interest in personal goods exempted under section 550.37, subd. 4. *Accord, State v. Avco Financial Service of New York, Inc.,* 50 N.Y.2d 383, 429 N.Y. S.2d 181, 406 N.E.2d 1075 (1980); *Montford v. Grohman,* 36 N.C.App. 733, 245 S.E.2d 219 (1978). *See also Hernandez v. S.I.C. Finance Co.,* 79 N.M. 673, 448 P.2d 474 (1968). Absent an express interdict of the kind which appears at section 550.37, subd. 4, the statute does not forbid a debtor to mortgage protected property and to create a lien against identified property which can be foreclosed despite the property's exempt status.

Reversed.

YETKA, Justice (dissenting).

Minnesota's exemption statute, Minn. Stat. § 550.37 (1986), exempts certain listed property from "attachment, garnishment, or sale on any final process, issued from any court." Minn.Stat. § 550.37, subd. 1. Exempt property includes "[o]ne motor vehicle to the extent of a value not exceeding $2,000." Minn.Stat. § 550.37, subd. 12a. The statute also provides that the exemption of certain exempt property, including the motor vehicle exemption, "may not be waived except by a statement in substantially the following form * * *." Minn. Stat. § 550.37, subd. 19.

In this case, it is undisputed that Moyer's car qualifies as exempt property and that Moyer never signed a waiver of that exemption. The trial court ruled that the protection afforded by section 550.37 was not applicable because the bank gained possession of Moyer's car in a peaceful fashion and without resort to the judicial process. The court of appeals dismissed the trial court's holding, however, on the ground that "[w]e cannot believe the legislature intended to allow the creditor to do by self-help that which it could not do through the judicial process." *Moyer,* 385 N.W.2d at 41. I would agree.

It appears to me that when two statutes can be logically read together to carry out legislative intent, they should be so read. The self-help and exemption statutes are not in conflict. By affirming the court of appeals, no impossible or unreasonable burden is placed on the lender to require it to have the statutory waiver executed by the borrower at the time the loan is taken out.

In cases involving attempts to attach summarily or garnish property interests, the United States Supreme Court has been diligent in enforcing the right of debtors to notice and hearing and, therefore, buttressing their ability to protect themselves against illegal takings. *See, e.g., North Georgia Finishing, Inc. v. Di-Chem, Inc.,* 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975). The Supreme Court's concern was that a debtor whose property is in peril of seizure have the opportunity to utilize intelligently all applicable legal rights to defend against such seizure. Ruling here that Moyer must have executed a waiver of her rights under the exemption statute before those rights could be found to have been waived is an appropriate extension of the United States Supreme Court's decisions.

Accordingly, the court of appeals should be affirmed.