**Scott SCHULTZ, Appellant,**

v.

**FIRST EDINA NATIONAL BANK, Respondent,**

**Northland Collection Service, Inc., Respondent,**

**Marvin Bloom, et al., Respondents.**

No. C3-87-534.

Court of Appeals of Minnesota.

July 28, 1987.

Ronald R. Notermann, Minneapolis, for appellant.

James D. Knudsen, Lasley, Gaughan, Stich & Angell, P.A., Minneapolis, for respondent, First Edina National Bank.

Michael L. Martinez, Spicer, Watson & Carp, Minneapolis, for respondent, Northland Collection Service, Inc.

Karla R. Wahl, Minneapolis, for respondents, Marvin Bloom, et al.

Considered and decided by LESLIE, P.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## MEMORANDUM OPINION

LESLIE, Judge.

After appellant Scott Schultz was evicted from his mobile home park, and his mobile home was repossessed, he brought suit against three parties. Appellant sued respondent First Edina National Bank, claiming wrongful repossession, sale and conversion. He also sued respondents Marvin and Phillip Bloom, d/b/a Blaine International Village, for having wrongfully evicted appellant and wrongfully denying a potential purchaser of appellant's home residency in the mobile home park. Finally, appellant sued respondent Northland Collection Service, Inc. for falsely representing that a deficiency was left on appellant's mobile home debt. Appellant claimed no deficiency existed because the mobile home had in fact been wrongfully repossessed by respondent First Edina National Bank. Based on the pleadings and appellant's deposition, the trial court granted summary judgment in favor of all three respondents.

## DECISION

The function of this court on review of a summary judgment is to determine whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979). We find the trial court properly granted summary judgment on appellant Scott Schultz's claims against all three respondents.

Schultz argues summary judgment should not have been granted on its claims against respondent First Edina National Bank. Schultz cites the lack of a waiver of the property exemption of article I, section 12 of the Minnesota Constitution and Minn. Stat. § 550.37 (1984) as the basis for his claim. Schultz claims that his mobile home falls within the exemption at Minn.Stat. § 550.37, subd. 12. Since this exemption was not waived in the signed security agreement, Schultz claims the Bank's re-

possession of the mobile home under the self-help provision of the Uniform Commercial Code, Minn.Stat. § 336.9–503, amounted to wrongful repossession, sale and conversion.

Article I, section 12 of the Minnesota Constitution provides that "[a] reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability." "The humane and enlightened purpose of [the] exemption is to protect a debtor and his family against absolute want by allowing them out of his property some reasonable means of support and education and the maintenance of the decencies and proprieties of life." *Poznanovic v. Maki*, 209 Minn. 379, 382, 296 N.W. 415, 417 (1941). Yet, the Minnesota Supreme court has found that the mere inclusion of property within the exemption statute does not necessarily interfere with a debtor's express grant of a security interest in that property. *Moyer v. International State Bank of International Falls, Minnesota*, 404 N.W.2d 274, 276 (Minn. 1987).

 *Moyer* establishes that, with the exception of subdivision four, a waiver of a property exemption under Minn.Stat. § 550.37 is not required for repossession of collateral after default under Minn.Stat. § 336.9–503. *Id.* Consequently, the premise of Schultz's claim against respondent Bank, that a waiver was required, is undercut and summary judgment was appropriate. Since Schultz's claim against respondent Northland Collection Service, Inc. was based on the Bank's wrongful repossession of Schultz's mobile home, and that repossession was in fact not wrongful, summary judgment was also appropriate on that claim as well.

Schultz's final claim was against respondent Blaine International Village for wrongfully rejecting the residency application of a potential buyer for Schultz's mobile home. Schultz's own deposition establishes that there was no basis in fact for this claim. Consequently, the trial court correctly granted summary judgment. Finally, respondent Blaine International Vil-

lage's motion for attorney fees on appeal is denied.

Affirmed.