559 So.2d 89 (1990)
AIRMANSHIP, INC. and Avemco Insurance Company, Appellants,
v.
UNITED STATES AVIATION UNDERWRITERS, INC., As Aviation Managers for United States Aircraft Insurance Group, Appellee.
No. 89-1643.
District Court of Appeal of Florida, Third District.
February 13, 1990.
On Motion for Rehearing April 24, 1990.
*90 McDonald & McDonald and Cecile Hatfield, Miami, for appellants.
Barwick, Dillian, Lambert & Angel and Thomas E. Ice and Howard Barwick, Miami Shores, for appellee.
Before BASKIN, LEVY and GERSTEN, JJ.
BASKIN, Judge.
Airmanship, Inc., and AVEMCO Insurance Company appeal the entry of final summary judgment in favor of United States Aviation Underwriters, Inc., [USAU] in an action they brought to enforce USAU's obligations to defend an insured and to indemnify another insurer. We reverse.
Stanley Brons and John Tasso died in the crash of a private airplane in which Brons was the main pilot and Tasso, who was employed by Airmanship as a flight instructor, was the safety pilot. Tasso was *91 certified by the Federal Aviation Administration [FAA] as a commercial pilot with multi-engine and instrument ratings. Brons owned all the stock of Executive Flight, Inc., the owner of the airplane. Stanley Brons was also certified by the FAA with a multi-engine rating. Whenever Brons flew the plane in question, he arranged with Airmanship for Tasso to accompany him in a copilot/safety pilot capacity. Tasso would also ferry the plane to Brons and would have the aircraft serviced. Airmanship paid Tasso's salary and billed Brons for Tasso's services.
Airmanship was insured by AVEMCO. Its policy covered Airmanship and its employees when they flew a rented or borrowed aircraft. The AVEMCO policy contained a commercial use exception which, by policy definition, did not exclude coverage for employees furnishing flight instruction in a non-owned aircraft. The AVEMCO policy provided that it was primary unless other coverage was available; in that case, it would furnish excess coverage.
Brons' airplane was insured by USAU. The USAU policy covered anyone using or riding in the aircraft with the owner's permission and any employee acting as a flight instructor. Stanley Brons was listed on the policy as an additional insured. Also listed as additional insureds were pilots holding an FAA commercial pilot certificate with FAA multi-engine and instrument ratings. The USAU policy contained a "commercial aviation" exclusion, amended one month before the accident, exempting from the exclusion lease of the aircraft to Brons. The policy did not define "commercial aviation."
After the accident, Brons' widow sued Tasso, as the agent or employee of Airmanship, and Brons, Airmanship, Executive Flight, and Beech Aircraft Corporation. Although AVEMCO formally demanded that USAU indemnify AVEMCO and provide a defense for Tasso's estate, USAU did not respond to AVEMCO's demands. Prior to settling with Brons' widow, AVEMCO requested that USAU attempt to obtain a better settlement; again, USAU did not respond. When AVEMCO settled with Brons' widow and demanded indemnification from USAU, USAU instituted an action for declaratory relief to determine whether it was obligated to indemnify AVEMCO. Both AVEMCO and USAU moved for summary judgment, but the trial court granted USAU's motion and entered final judgment in its favor.
Airmanship and AVEMCO appeal, asserting that USAU should have defended Tasso's estate and was obligated by its policy to indemnify AVEMCO. USAU counters that it was not obligated to defend Tasso's estate even though when the accident occurred, Tasso was riding in the airplane with the owner's permission, met the policy's FAA licensing requirements, and was therefore an additional insured under the terms of the USAU policy. USAU argues that because Tasso was being paid for his services, he was engaged in commercial aviation and came within the policy's commercial aviation exclusion. Alternatively, USAU maintains that Tasso was not entitled to employee coverage because he was not Brons' employee. We reject USAU's arguments for several reasons.
The first reason for our decision evolves from our construction of the policy. The policy does not define "commercial aviation." Reasonable people could differ as to the definition of "commercial aviation." Although the term may be understood to emcompass the furnishing of compensation for assisting in piloting an aircraft, it could just as easily apply to leasing the aircraft or employing it to carry passengers or freight. See Hutzel v. United States Aviation Underwriters, Inc., 132 A.D.2d 45, 522 N.Y.S.2d 301 (N.Y. App. Div. 1987). We must construe the policy terms liberally, in favor of the insured, so as not to defeat the insured's claim unnecessarily. Aetna Casualty & Sur. Co. v. Cartmel, 87 Fla. 495, 100 So. 802 (1924). Words in an insurance contract are normally defined in terms of their common usage, and any ambiguous term is to be construed against the insurer as drafter of the policy. Mathews v. Ranger Ins. Co., 281 So.2d 345 (Fla. 1973); National Merchandise Co., Inc. v. United *92 Serv. Auto. Ass'n, 400 So.2d 526 (Fla. 1st DCA 1981); see also Schultz v. First Edina Nat'l Bank, 409 N.W.2d 281 (Minn. Ct. App. 1987). Construing the term in the manner favorable to sustaining coverage, we hold that the "commercial aviation" exclusion in USAU's policy does not apply to Tasso's services as a safety pilot or instructor.
The next reason for rejecting USAU's denial of coverage arises from USAU's contention that because Tasso was a regular employee of Airmanship, he could not have been Brons' employee. Thus, USAU alleges, Tasso was not an employee of the insured who would have been covered while performing as flight instructor. We disagree. That Tasso was Airmanship's employee did not preclude him from also serving as Brons' employee. Fort Myers Airways, Inc. v. American States Ins. Co., 411 So.2d 883 (Fla. 2d DCA), review denied, 418 So.2d 1278 (Fla. 1982); but see, Arizona Property & Casualty Ins. Guar. Fund v. Dailey, 156 Ariz. 257, 751 P.2d 573 (Ariz. Ct. App. 1987). "A servant directed or permitted by his master to perform services for another may become the servant of such other in performing the services." Restatement (Second) of Agency § 227 (1977). See Parmerter v. Osteopathic Gen. Hosp., 196 So.2d 505 (Fla. 3d DCA 1967); Jefferson Smurfit Corp. v. JBS, Inc., 546 So.2d 30 (Fla. 1st DCA), review denied, 554 So.2d 1168 (Fla. 1989); Burton v. Diamond Sand & Stone Co., 327 So.2d 95 (Fla. 2d DCA 1976); Crawford v. Florida Steel Corp., 478 So.2d 855 (Fla. 1st DCA 1985); Famous Players Lasky Corp. v. Industrial Accident Comm'n, 194 Cal. 134, 228 P. 5 (1924); Ortolano v. Las Vegas Convention Serv., 96 Nev. 308, 608 P.2d 1103 (1980); Antonini v. Hanna Indus., 94 Nev. 12, 573 P.2d 1184 (1978); Snetcher & Pittman v. Talley, 168 Okla. 280, 32 P.2d 883 (1934); see also Shelby Mutual Ins. Co. v. Aetna Ins. Co., 246 So.2d 98 (Fla. 1971); see e.g., Lighterman v. Porter, 548 So.2d 891 (Fla. 3d DCA 1989); Vargas v. Dulzaides, 520 So.2d 306 (Fla. 3d DCA), review dismissed, 528 So.2d 1184 (Fla. 1988); Jaar v. University of Miami, 474 So.2d 239 (Fla. 3d DCA 1985), review denied, 484 So.2d 10 (Fla. 1986). Applying that principle, we conclude that the trial court erred in finding, as a matter of law, that Tasso was not Brons' employee. That determination should be made by the finder of fact.
Next, we address USAU's argument that even if Tasso is declared an insured under the policy, AVEMCO waived its right to subrogation by failing to obtain an agreement with USAU preserving the right to subrogate. An insurer waives its right to subrogation when it neither obtains an agreement preserving its right to indemnification, nor in any way disclaims its liability. Lehman-Eastern Auto Rentals v. Brooks, 370 So.2d 14 (Fla. 3d DCA 1979); see also Lumbermens Mut. Casualty Co. v. Foremost Ins. Co., 425 So.2d 1158 (Fla. 3d DCA 1983). Although AVEMCO did not obtain a subrogation agreement with USAU, it repeatedly denied liability and demanded that USAU defend Tasso. Because USAU failed to respond, AVEMCO had no alternative but to recognize that Brons' widow would look to it to pay damages resulting from Brons' death and settled the case. The test set forth in Lehman-Eastern controls this case.[1] Applying that test, we conclude that AVEMCO did not act as a volunteer and that its denials of liability preserved its right to equitable subrogation. To hold otherwise would contenance an insurance company's unilateral action prolonging litigation and would discourage settlements.[2]
*93 Having rejected USAU's arguments on coverage issues, we next consider whether the trial court erred in finding, as a matter of law, that Tasso was not negligent. Negligence issues are generally inappropriate for summary disposition. Moore v. Morris, 475 So.2d 666 (Fla. 1985); Holl v. Talcott, 191 So.2d 40 (Fla. 1966); Bogorff v. Koch, 547 So.2d 1223 (Fla. 3d DCA 1989); Carbajo v. City of Hialeah, 514 So.2d 425 (Fla. 3d DCA 1987). Only "when the facts are so crystallized that nothing remains but questions of law," Moore, 475 So.2d at 668, should summary judgment be granted. Although some evidence in the record supports the view that Tasso was not negligent, other record evidence could justify a contrary conclusion. Thus, issues of fact remain for decision. Moore; Holl; Bogorff; Carbajo.
For these reasons, we reverse the final summary judgment in its entirety and remand for further proceedings consistent with this opinion.
Reversed and remanded.

ON MOTION FOR REHEARING
BASKIN, Judge.
United States Aviation Underwriters, Inc., [USAU] seeks rehearing of the opinion of this court, issued February 13, 1990. We deny the motion.
USAU states that although the insurance policy issued by AVEMCO Insurance Company provides coverage for employees of Airmanship, Inc., engaged in furnishing flight instruction in a non-owned aircraft, that policy precludes coverage for agents or employees of the non-owned aircraft owner. USAU argues that if, on remand, the trial court were to decide that at the time of the accident, John Tasso was an employee or agent of Brons', USAU's insured, the court would be compelled to conclude that the AVEMCO exclusion precludes coverage. Under those circumstances, AVEMCO acted as a volunteer when it settled Tasso's claim. Thus, USAU argues, AVEMCO would not be entitled to indemnity. We reject that reasoning.
The record demonstrates that "[a]lthough AVEMCO formally demanded that USAU indemnify AVEMCO and provide a defense for Tasso's estate [pursuant to USAU's policy], USAU did not respond to AVEMCO's demands." Op. at 91. Once USAU failed to answer, AVEMCO had no choice but to assume that USAU was denying legal responsibility and that Tasso's estate would look to AVEMCO for compensation for Tasso's death. Thus, we conclude that AVEMCO acted properly, and not as a volunteer, in settling with Tasso's estate. If Tasso is held to have been Brons' employee at the time of the crash, USAU must be required to indemnify AVEMCO for the sums it expended in settling Tasso's claim; principles of fairness permit no less. We reiterate that "[t]o hold otherwise would countenance an insurance company's unilateral action prolonging litigation and would discourage settlements." Op. at 92.
Motion for rehearing denied.
NOTES
[1] Although the Lumbermens court did not address whether the insurer both failed to disclaim liability and failed to obtain an agreement for subrogation, it cited Lehman-Eastern with approval. Thus, the two-part test set forth in Lehman-Eastern is still viable.
[2] If AVEMCO pursues its subrogation action, USAU is not precluded from denying liability on the ground that notice requirements were not met. USAU was not required to furnish notice of its denial of liability as specified in section 627.426(2)(a), Florida Statutes (1987), because its defense was complete lack of coverage. AIU Ins. Co. v. Block Marina Inv., Inc., 544 So.2d 998 (Fla. 1989).