BASKIN, Judge
(dissenting).
The policy under consideration provides among its benefits:
The Company will pay ... (b) 60% of work loss, ... incurred as a result of bodily injury, caused by an accident arising out of the ownership, maintenance or use of a motor vehicle and sustained by: (1) the named insured. ...”
The policy defines bodily injury as “... bodily injury, sickness, or disease, including death at any time resulting therefrom.” Work loss is defined as “... any loss of income and earning capacity from the inability to work proximately caused by the injury sustained by the injured person.”
The parties’ contract calls for the payment of benefits under the circumstances in this case. Any ambiguity concerning coverage under the policy must be construed in favor of the insured. Matthews v. Ranger Ins. Co., 281 So.2d 345 (Fla.1973); National Merchandise Co., Inc. v. United Serv. Auto. Ass’n, 400 So.2d 526 (Fla. 1st DCA 1981); see also Schultz v. First Edina Nat’l Bank, 409 N.W.2d 281 (Minn.Ct.App.1987). For these reasons, I would reverse the decision denying benefits for loss of work. See Benton v. State Farm Mut. Auto. Ins. Co., 295 So.2d 344 (Fla. 1st DCA 1974).